## In re COWLES.

(Court of Appeals of District of Columbia. Submitted March 10, 1924. Decided April 7, 1924.)

No. 1645.

1. Patents ⊕112(3)—Method of recovering alkalis and alumina from silicates anticipated and unpatentable.

A method of recovering alkalis and alumina from feldspar, leucite, and like silicates containing them *held* anticipated and unpatentable, though the claims were copied from an issued patent and applicant had established priority.

2. Patents ⊕109—Denial of motion to substitute claims within discretion of Assistant Commissioner.

A denial of a motion to substitute claims is within the sound discretion of the Assistant Commissioner, and that discretion will be disturbed only for very cogent reasons.

3. Patents ⊕112(3)—Doubt resolved in favor of patentability, where claims copied from issued patent.

Where claims are copied from an issued patent, every doubt should be resolved in favor of patentability, especially where priority has been established.

Appeal from the Commissioner of Patents.

In the matter of the application of Alfred H. Cowles for a patent. From a decision holding certain claims unpatentable, applicant appeals. Affirmed.

James T. Newton, of Washington, D. C., for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office holding unpatentable claims 1 to 4, inclusive, and claims 8, 9, and 10. When the case reached the Assistant Commissioner, motion was made to substitute three claims for claims 8, 9, and 10. The Assistant Commissioner denied the motion, upon the ground that no foundation for this change was to be found in the specification as filed.

[1] Claim 1 of the first group is sufficiently illustrative and is here reproduced:

"1. The method of recovering alkalis and alumina from feldspar, leucite, and like silicates containing them, which comprises bringing to a sintering temperature a mixture containing the silicate, together with an oxygen compound of an alkali earth metal, in proportion to form an orthosilicate of the alkali earth metal, and at the same time combining the alkali and alumina' in water soluble form substantially as described."

Counts 1 to 4 were copied by the applicant from Rody (No. 1,151,-533), and an interference declared. It was found that applicant was prior to Rody, but a patent was refused him on the ground that the claims were anticipated by the patent to Kayser (No. 708,561) and by applicant's article, published in Engineering and Mining Journal more

than two years prior to his application. The interference was dissolved and an appeal taken to this court, which was dismissed. 49 App. D. C. 135, 261 Fed. 1015. Applicant then renewed the ex parte prosecution of his application.

Kayser states that the object of his invention is to utilize the natural deposits of marl, consisting mainly of calcium carbonate and aluminum silicate. This compound contains no alkali, and Kayser adds one before heating to a sintering temperature. The product which applicant treats contains alkali and alumina, but no calcium oxide. He therefore adds "an oxygen compound of an alkali earth metal" to his mixture. The treatment then is substantially the same as that described by Kayser. In other words, applicant starts with a product that does not contain one of the known elements of the Kayser compound. He adds this element, and contends that this amounts to invention.

The Examiner, after a very thorough analysis of the Kayser patent and the publication to which we have referred, found that the publication appears "to describe a process which anticipates all the appealed claims, and the Kayser reference clearly anticipates claims 8, 9, and 10"; that these claims differ from the first four claims, "in that they do not call for the treatment of a feldspar, leucite or like silicate containing alkali," etc.

The Examiners in Chief, after an analysis of the Kayser patent, expressed the view that, if any metallurgist or one skilled in the art were given an aluminum silicate of known elements and was asked to treat it according to the Kayser method, "he would add to the silicate the ingredient or ingredients necessary to make the mixture used by Kayser." The Board further found that applicant's publication was a clear anticipation of his process. The Assistant Commissioner found no error in the conclusions of the Board and affirmed its decision.

[2] As to the denial by the Assistant Commissioner of the motion to substitute three claims, the question, at that stage of the case, was one within the sound discretion of the Patent Office, and the result of the exercise of that discretion will be disturbed only for very cogent reasons, which do not exist here.

[3] As to the other questions involved, it may be observed that where, as in this case, claims are copied from an issued patent, every doubt should be resolved in favor of patentability. This is especially so where the applicant has established priority of invention. See In re Orcutt, 32 App. D. C. 345. The reason is obvious. The claims, through the inadvertence of the Patent Office in issuing the patent, have passed beyond its control, and may involve the applicant in litigation in the event he practices his process. Accordingly we have very carefully reviewed the decision appealed from, in the light of counsel's brief and argument, but without discovering a doubt justifying a reversal. The decision therefore is affirmed.

Affirmed.