### In re PONDELICEK.
#### No. 2597.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Paul Carpenter, of Washington, D. C. (B. J. McCann, of Chicago, Ill., and Henry H. Benjamin and R. B. Stewart, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Applicant has appealed to this court from a decision of the Board of Appeals of the

Patent Office, affirming the holding of the Examiner denying patent on numerous claims alleged to cover "improvements in mechanical movement."

In all 39 claims are before us. Of these a group of ten comprised in numbers 47 to 56, inclusive, were offered by way of amendment in substitution for the other claims, after the Examiner had rendered his final decision. This offer was apparently made under rule 68 of the Patent Office with a view of putting the case in better condition for appeal.

Of this proposed amendment the Examiner said:

"The Examiner has carefully considered this amendment and in an interview with applicant's attorney pointed out that the claims thereof were not patentable. As the claims depart somewhat from claims heretofore presented, they have not been admitted under the provisions of Rule 68, as putting the case in better condition for appeal, as their rejection might involve the citation of further art."

The Board sustained this action of the Examiner upon the authority of Ex parte Moore, 1923 C. D. 13, and appellant assigns error upon this holding in his appeal to this court. No error seems to have been assigned as to the Examiner's action upon it in the appeal to the board.

■ We think this was a matter which rested primarily in the discretion of the Examiner, and, after that, in the discretion of the Board, and there is no showing in the record that there was any improper exercise of that discretion. As was said in the Moore Case, supra:

"[1, 2] It is desirable that all claims, so far as possible, which an appellant desires reviewed on appeal, should be first presented to the Primary Examiner. He is regarded as the Office expert in the particular art involved in a given instance. His opinion and judgment should be before an appellate tribunal when the latter reviews the Examiner's holding."

Ex parte Sears, 148 O. G. 279, 1909 C. D. 198, was cited. See, also, In re Cowles, 54 App. D. C. 280, 297 F. 539, where the court declared that the Commissioner's exercise of discretion would be disturbed only for very cogent reasons.

■ Appellant's substitution was not proposed until after final decision by the Examiner. The reasons given for the latter's refus-al to admit it are valid ones. So this assignment of error is overruled, and claims 47 to 56, inclusive, will not be further considered here.

Twenty-nine claims remain.

We may here say that we are wholly at a loss to understand why it was deemed necessary to file such a large number of claims in this case. There are authorities which might be invoked that would justify a refusal of consideration on the ground of unnecessary multiplicity of claims, but we hesitate to take so drastic a step at this time. We do venture to direct attention to the fact that this court has the duty of carefully studying and considering a large number of appeals, in the effort to determine the rights of many claimants. To the end that we may be able to give due and proper consideration to all cases, it is highly important that, in formulating the issues to be presented, those responsible for their formulation shall avoid unnecessary duplications and uncalled for prolixity.

The gist of applicant's claimed invention is stated in the brief filed in his behalf as follows:

"This is an application for a patent on a mechanical movement, more particularly a mechanical movement suited to imparting intermittent movement to the film of a motion picture projector, and comprises a cam mechanism for converting continuous rotary motion into intermittent rotary motion."

The fundamental feature in the accomplishment of the result claimed appears to be a pair of relatively staggered cam elements radially disposed on the beveled portions of the peripheral cylindrical surface of a wheel, the cylindrical surface being intercepted between the cams by a depression extending diagonally across the peripheral face from one cam to the other cam. This depression accommodates the angular portions of a star wheel as it passes through a cyclic movement and aids in imparting the desired motion to the star wheel.

Claims Nos. 28, 30, and 44 are typical and are here quoted:

"28. A mechanical movement comprising a constantly rotatable disc having a flat peripheral face with a hill and dale cam groove extending from one side in a generally spiral direction towards the other side terminating at said flat face on each side, in combination with an intermittently driven member having its axis at substantially right angles to the axis of the disc and having an angular head each peripheral face of which is laterally

curbed for engagement with the respective sides of the cam groove, the intermediate face thereof being flat for cooperation with the flat face of said disc, the portions of the head at the juncture of adjacent flat sides entering the groove as the disc is rotated whereby to rotate the driven member at each revolution of the driving member at varying rates of acceleration an angular distance corresponding to the angular faces of said driven member."

"30. In a device of the character described, in combination, relatively angularly disposed revoluable shafts, one of said shafts having a disk revoluable therewith, a polygonal enlargement on the other shaft, and means on said disk for intermittently imparting partial rotation to said enlargement."

"44. In a device for transmitting intermittent curvilinear movement, in combination, a driven element, a rotatable driving element and a connection between the two which produces a motion of the driven element, which constantly increases in lineal speed at varying rates of acceleration."

The references to prior art are: Curtis, 157,277, December 1, 1874; Howe, 222,909, December 23, 1879; Richards, 815,979, March 27, 1906; Wright, 1,194,689, August 15, 1916; Blake, 1,241,911, October 2, 1917; Hucal, 1,387,054, August 9, 1921.

The Examiner divided the claims into two groups and held the group comprised in numbers 9, 10, 21, 35, and 36 and 41 to 45, inclusive (typified in 44, supra), to be functional, and rejected them upon this ground, as well as upon the prior art.

The Board disagreed with the Examiner as to their being functional, but affirmed upon the ground that the claims "are so broad as not to define appellant's invention and are therefore indefinite, as they give no conception of the structural nature of the means employed by appellant."

The other claims typified by numbers 28 and 30, supra, stand rejected by both Examiner and Board, upon the references.

Illustrative claim 30, supra, reads fully upon the Hucal patent, since the latter discloses "relatively angularly disposed revoluble shafts," that is, two shafts at right angles. One of these shafts of Hucal, as it appears in his drawings, has upon it a "revoluble disk" and the other has a cam block which constitutes the "polygonal enlargement." In the revoluble disk is a cam groove which serves for "intermittently imparting partial rotation to said enlargement."

The structures of Howe, Richards, and Wright show cam elements and grooves in arrangement designed to impart intermittent rotary motion.

But it is claimed that in appellant's device an accelerated motion is imparted to the film by the provision of the cam members which act on the follower block that is mounted on a shaft for driving the film, these "cam members having their camming surfaces progressively curved so as to cause the block to rotate with varying degrees or rates of acceleration."

Assuming this to be correct, it remains true that appellant does not disclose any method of designing a cam, nor any specifically formed new cam formation which will produce the desired result. It is left to the ingenuity of one who would use the device to work out the cam shape. This is virtually an admission that shaping the cam is obvious to one skilled in the art. Cams shaped very similarly to those of appellant are disclosed in the prior art cited, and it would seem that these obviously would produce varying rates of acceleration.

In its rejection of the first group of claims, above set forth, the Board said:

"In this instance where appellant is claiming broadly a mechanical movement and not a combination with specific parts of some particular machine, it is believed he should be restricted in some manner to the particular type of movement."

With this we agree.

The decision of the Board of Appeals is affirmed.

Affirmed.