### COWLES v. RODY.

(Court of Appeals of District of Columbia. Submitted November 13, 1919. Decided December 1, 1919.)

Patent Appeal No. 1260.

PATENTS ⬤⇒113(2)—ORDER DISSOLVING INTERFERENCE PROCEEDING NOT APPEALABLE.

A Patent Office decision, dissolving an interference proceeding on the ground that the junior party's claims were not patentable, because barred by previous public use, and not passing upon the question of priority, is not appealable, because not a final order.

Appeal from a Decision by the Assistant Commissioner of Patents.

Interference proceeding in the Patent Office between Franz A. Rody and Alfred H. Cowles. From a decision of the Assistant Commissioner of Patents, dissolving the proceeding, Cowles appeals. Appeal dismissed.

W. H. Finckel, Jr., of Washington, D. C., and Seabury C. Mastick, of New York City, for appellant.

J. C. Pennie and F. E. Barrows, both of New York City, for appellee.

SMYTH, Chief Justice. Cowles appeals from a decision of the Assistant Commissioner of Patents dissolving an interference to which he was a party. The subject-matter, which was a method for treating feldspar and the like, is expressed in nine counts. In view of the conclusion which we have reached, it is not necessary to set out any of them.

Rody was granted a patent August 24, 1915, on an application filed October 11, 1913. Cowles' application was not filed until November 20, 1915, nearly three months after Rody's patent had issued. Cowles was therefore the junior party. The Examiner of Interferences awarded priority to Rody on all the counts. This was reversed by the Examiners in Chief as to counts 1 to 4, and affirmed as to the remainder. In granting the reversal, the examiners held that, while Cowles was prior to Rody with respect to the first-named claims, he was anticipated by a patent to one Adolf Kayser, and announced that

they would so notify the Commissioner of the apparent statutory bar to the granting of a patent to Cowles with claims corresponding to the counts 1 to 4. On appeal by Cowles, the Assistant Commissioner held that he had in effect admitted publication of his invention in 1912, or more than two years before he filed his application. He further said:

"If the Cowles publications, taken in connection with the previous Kayser patent, * * * or otherwise, disclose the invention of Cowles as he claims it, then the possibility of granting a patent to Cowles disappears, and there is no applicant before this office with allowable claims to this matter, and consequently there is no interference."

The Assistant Commissioner found that the publications disclosed the invention, and he in consequence dissolved the interference. Rody moves to dismiss on the ground that the court has no jurisdiction to consider the appeal.

We are without authority in an interference proceeding to reverse the Commissioner's ruling that Cowles' claims are not patentable, because barred by the statute of public use. He did not pass upon the question of priority, and that is the only question reviewable by us in this kind of a proceeding. His action in dissolving the interference simply placed the parties back where they were before he had declared the interference, and we have no power to disturb it. It is not a final order. This has been often announced by us. In re Fullagar, 32 App. D. C. 222; Cosper v. Gold, 34 App. D. C. 194; Carlin v. Goldberg, 45 App. D. C. 540; Field v. Colman, 47 App. D. C. 189. In the last case it is said:

"We have held in many cases that this court is without jurisdiction to entertain an appeal in an interference case except from a judgment of priority" (citing cases).

As a result the motion to dismiss in this case for want of jurisdiction must be sustained.

Affirmed.