## HERNANDEZ-MEJIA v. KELLEY.

(Court of Appeals of District of Columbia. Submitted November 15, 1921. Decided January 3, 1922.)

No. 1429.

1. Patents &91(3)—Applicant, interfering with issued patent, must prove case beyond reasonable doubt.

Where an interference is declared between an issued patent and an application filed after the issuance, the applicant cannot succeed, unless he proves beyond a reasonable doubt the facts necessary to overcome the patent.

2. Patents &106(2)—Patentability of claims cannot be questioned in interference proceedings.

The contention that the claims in interference did not disclose invention, in view of a prior patent issued to the junior applicant, raises the question of the patentability of the claims, which cannot be done in interference proceedings, since the interference is declared on the assumption that the claims are patentable, and that assumption is not open to attack.

3. Patents &106(2)—Commissioner's discretion in denying leave to amend preliminary statement not reviewed, unless abused.

An application for leave to amend a preliminary statement in interference proceedings, so as to make the date of reduction to practice earlier than first stated, was addressed to the discretion of the commissioner, and his denial thereof will not be reviewed, unless there was a palpable abuse of his discretion.

Appeal from the Commissioner of Patents.

Interference proceedings between Arturo Hernandez-Mejia and William V. D. Kelley. From a decision of the Commissioner of Patents, awarding all the claims to Kelley, Hernandez-Mejia appeals. Affirmed.

Benjamin Roman, of New York City, for appellant.

Melville Church and A. S. Stewart, both of Washington, D. C., and J. S. Wooster, of New York City, for appellee.

SMYTH, Chief Justice. This is an interference between an application and a patent. It relates to the art of making and coloring motion picture films to reproduce the objects in their natural colors. Eighteen counts are involved. Counts 1 and 18 are typical.

Count 1. The method of producing a double-colored photographic transparency which consists in printing images in registry on opposite sides of a

---

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
277 F.—39

double-sensitized transparent base, developing and fixing said images, treating one of said images to render it capable of absorbing dye and transmitting light, dyeing said image, washing and drying the entire base, applying a protective coating to the dyed side, treating the other image to render it dye-absorbent and capable of transmitting light, dyeing with a second color, and washing and drying to complete the transparency.

Count 18. A double-coated perforated photographic transparency having a record on each side, each of said records being registered horizontally with a certain perforation as a standard, and vertically with a certain other perforation as a standard, the records on said sides being colored in different colors.

A patent was issued to Kelley March 12, 1918, on an application filed July 26, 1917. Hernandez-Mejia's application was filed June 25, 1918. The Examiner of Interferences awarded all the claims to Hernandez-Mejia except four, which he gave to Kelley. The latter appealed, and the Board of Examiners in Chief held that he was entitled to all the claims. This action was affirmed by the Assistant Commissioner.

[1] It is well established that, where an interference is declared between a patent and an application filed after the issuance of the patent, the applicant cannot succeed unless he proves beyond a reasonable doubt the facts necessary to overcome the patent. Braun v. Wiegand, 49 App. D. C. 193, 262 Fed. 647, and decisions there cited.

The Assistant Commissioner found that Hernandez-Mejia was undoubtedly working in the specific art to which the invention belongs before Kelley began, and that the latter, so far as the proofs go, had no conception of the invention in issue prior to his filing date; but Hernandez-Mejia, according to the Assistant Commissioner, had failed to show even prima facie that he had reduced the invention to practice, or that he had even conceived it, before that date. There are references, he said, in Hernandez-Mejia's proofs to some features embodied in the claims, but there is nothing disclosing the entire process required by them. The Assistant Commissioner's conclusion is based partly on his own analysis of the testimony and partly on that of the Board of Examiners. We fully agree with him. To set out here the steps by which we arrive at this opinion would be to restate in effect what he and the Board have said, and this would be of no practical use to any one. Hernandez-Mejia has failed to discharge the very heavy task which the law imposed upon him with regard to the burden of proof.

[2] Hernandez-Mejia urges that the substance of the invention is disclosed by a patent issued to him in 1916, and that the details necessary to bring what is there disclosed into harmony with the claims in issue would not require invention, but would occur to any one skilled in the art in carrying out the processes described in his patent. This raises the question of the patentability of the claims—something which cannot be done in an interference proceeding. The interference is declared on the assumption that the claims are patentable, and this assumption is not open to attack. Wintroath v. Chapman, 47 App. D. C. 428, and cases cited; Cowles v. Rody, 49 App. D. C. 135, 261 Fed. 1015. The Assistant Commissioner, however, went into the question

quite carefully, and found that the appealed claims were distinguishable from the disclosure of the earlier patent, and that Hernandez-Mejia had no conception of the specific limitations which characterize them.

[3] The assertion that Kelley derived the invention from Hernandez-Mejia cannot be upheld, in view of the finding just made that the latter did not have it at the time Kelley entered the field. Hernandez-Mejia's application for leave to amend his preliminary statement, so as to show that his date of reduction to practice was not in 1916, but in 1911 or 1912, was denied. This was a matter addressed to the discretion of the Commissioner, and his action will not be reviewed, unless there was a palpable abuse of his power. Cross v. Phillips, 14 App. D. C. 228; Fowler v. Boyce, 27 App. D. C. 55. There was no such abuse.

A motion to strike out certain testimony received in behalf of Kelley was overruled. Even if the testimony was improperly admitted, there was no prejudicial error, for it had no tendency to injure Hernandez-Mejia's case.

The decision of the Commissioner is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice VAN ORSDEL, in the hearing and determination of this appeal.