### In re DUNBAR.

(Court of Appeals of District of Columbia. Submitted March 16, 1921. Decided February 6, 1922.)

#### No. 1399.

Patents ⚖=120—Assignee of two applications is bound by election to take patent with narrow claims reading on other disclosure.

Where two applicants each assigned their copending applications to the same assignee by an assignment which left no interest in the applicant, the election of the assignee to take the patent on one application, which contained narrow claims reading on the disclosure in the other application, is binding on him, and precludes his right to issuance of patent on the other application, containing broader claims covering the same features.

Appeal from the Commissioner of Patents.

Application by Francis W. Dunbar for a patent, assigned to the Kellogg Switchboard & Supply Company. From a decision of the Commissioner of Patents denying the application, applicant appeals. Affirmed.

Curtis B. Camp and C. C. Bradbury, both of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

VAN ORSDEL, Associate Justice. Appellant, Dunbar, filed the present application for patent October 9, 1905. One Dyson filed a copending application March 19, 1906, on which a patent was issued December 12, 1916. Both applicants assigned to Kellogg Switchboard & Supply Company, and both applications have been prosecuted through the Patent Office by the same attorneys.

It is unnecessary to consider the mechanism or the line of division between the Dunbar and Dyson claims, or the right of the common assignee to disclaim the invention of the claims in the Dyson patent, since this appeal turns upon a question of law. The Dyson application, which went to patent, contained certain narrow claims which would read upon the earlier application of Dunbar. Dunbar has broad claims, covering the same features of the invention, and he is here insisting upon the allowance of his claims.

The tribunals below recognize the dilemma in which Dunbar finds himself, and the Commissioner in his opinion states the grounds upon which relief was refused, as follows:

"By taking out the Dyson patent, an election was made on the question of priority between Dyson and Dunbar, and the common assignee is just as much bound by that election as if an interference had been declared and priority decided in favor of Dyson. The reason for the rule holding that interferences will not be declared between coassignors is that the presentation of the testimony on behalf of each assignor is in control of the common assignee, and that there are, therefore, no parties having adverse interests. If an assignee is to be allowed, after having made such election and taken out the patent, to repudiate the election and present the claims in another application, monopoly would obviously be extended."

The record is silent as to the nature of the assignment from Dunbar to the Kellogg Company. In this situation we must assume that the assignment was absolute and conveyed all the right, title, interest, and claim in the patent to the assignee. Dunbar has, therefore, no interest left in the invention which he can now assert. The case resolves itself into the right of the assignee to a patent upon the present Dunbar claims. To grant these claims to the assignee, after the assignee, by its own election, had accepted the Dyson patent, would be, as held by the Commissioner, a clear extension of the monopoly. If the assignment from Dunbar to the Kellogg Company was a conditional one, whereby Dunbar would be prejudiced by the election of the assignee to accept the Dyson patent, a different question might be presented; but in the state of the record Dunbar has no interest left upon which he can personally claim protection.

The decision of the Commissioner of Patents is affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.