Court of Customs and Patent Appeals.
January 27, 1930.

Patent Appeal No. 2216.

Samuel E. Darby, Jr., of New York City (C. M. Thomas and F. D. Thomas, both of Washington, D. C., of counsel), for appellant.

John G. Roberts, of New York City, and C. E. Tullar and H. E. Dunham, both of Schenectady, N. Y. (Irving MacDonald, of New York City, of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge. This is an appeal in an interference proceeding from the decision of the Commissioner of Patents. The Examiner of Interferences, the Examiners in Chief, and the Commissioner of Patents have concurred in holding that appellant was not entitled to an award of priority of invention.

The invention in issue relates to certain improvements in vacuum tubes or audions. The counts involved read as follows:

"1. A vacuum tube comprising a plurality of electrodes one of which is a plate electrode, insulating material supported by said plate electrode above one edge thereof, and a supporting connection from said insulating material to one of said other electrodes.

"2. A vacuum tube comprising a cathode, a grid and an anode, insulating material supported by said anode above one edge thereof, and supporting connections from said insulating material to said grid and cathode."

Appellant's application, No. 271,556, was filed January 17, 1919. In his preliminary statement appellant claimed conception and reduction to practice of the invention as follows: Conception September 2, 1918, and reduction to practice September 7, 1918.

King's application, No. 317,314, was filed August 13, 1919, and matured into a patent, No. 1,479,991, January 8, 1924, while appellant's application was pending in the Patent Office. In his preliminary statement, King alleged conception and reduction to practice as follows: Count 1, conception November 1, 1917, and reduction to practice November 27, 1917; count 2, conception December 1, 1917, and reduction to practice January 9, 1918.

Hendry's application, No. 217,565, was filed February 16, 1918.

It appears from the record that the King patent and the pending application of Hendry are owned by a common assignee, the Western Electric Company, Incorporated. The Gowen application is owned by the De Forest Radio Company.

The counts in the interference were copied by Gowen from the King patent, and the interference, as originally declared, involved the application of Gowen and the patent to King.

On July 26, 1926, King moved to dissolve the interference on the ground that Gowen had no right to make claims corresponding to the counts in issue.

On January 5, 1925, the law examiner denied the motion of King to dissolve the interference, and also denied the motion of the Western Electric Company, Incorporated, theretofore filed, to reform the interference by adding thereto the Hendry application. (The latter motion was filed by the attorney for King, and was considered by the tribunals of the Patent Office, and apparently by all of the parties, as a motion by King.) The decision in the case of In re Dunbar, 51 App. D. C. 251, 278 F. 334, was cited by the law examiner as authority for denying the motion to reform the interference. In that case it was held:

"Where two applicants each assigned their copending applications to the same assignee by an assignment which left no interest in the applicant, the election of the assignee to take the patent on one application, which contained narrow claims reading on the

disclosure in the other application, is binding on him, and precludes his right to issuance of patent on/the other application, containing broader claims covering the same features."

On appeal by King from the decision of the law examiner, denying the motion to reform the interference by adding the application of Hendry, the Examiners in Chief reversed the decision of the law examiner, and in their decision, among other things, said:

"The Hendry application was earlier filed, February 16, 1918, as a matter of fact earlier than any date that can be established by Gowen (conception September 2, 1918), so that, if the decision of the law examiner is affirmed, Gowen might secure a patent. As the record clearly shows that he is not the first inventor of the subject-matter of the counts as now interpreted by the law examiner, he should not be permitted and is not entitled to secure a patent through a mere technicality involving but a question of law—estoppel by election. * * *

"An estoppel against the assignee of the King patent, the Western Electric Company, if such exists, might be raised by the public, i. e., by the office, but not by a third party who is in no way injured by the patentee or the assignee, and who furthermore cannot be injured by the true facts of the case, those upon which the alleged estoppel is assumed or established, or by the determination of who is the first inventor. The determination of whether such an estoppel exists lies between the assignee and the office representing the public and is essentially and entirely an ex parte proceeding and has nothing to do with the question of priority, the sole issue in interference proceedings."

On appeal by the appellant, Gowen, the Commissioner of Patents affirmed the decision of the Examiners in Chief, and in so doing said:

"The holding of the Court of Appeals in the Dunbar Case is conclusive against King's assignee obtaining a patent to Hendry with these same claims therein as are now in the King patent. The common assignee is clearly estopped from thus prolonging its monopoly. This much was admitted by counsel for King at the hearing.

"The Examiners in Chief, in reversing the decision of the law examiner, did not specifically construe the claims of the issue, but did point out that the law examiner had made an interpretation of the claims at variance with that made by the primary examiner and that this was unexpected by King, who believed these claims were more specific. * * *

"In view of these conflicting opinions as to the true scope of the claims of the issue it may well be King's assignee should be given some opportunity to establish that Hendry was in possession of the invention, as defined in such claims, when they are given, as the Examiners in Chief held, an unexpected and 'somewhat forced' interpretation. If, without priority proceedings, Gowen is granted a patent including these claims, and Hendry is also granted a patent with other claims based on the construction he discloses, Gowen's patent may be held invalid as to the claims of the issue, if they are shown to be descriptive of Hendry's invention. See Ex parte Hammond and Hammond, 301 O. G. 1051; Millett v. Duell, Commissioner of Patents, 96 O. G. 1241, 18 App. D. C. 186; In re Isherwood, 245 O. G. 847, 46 App. D. C. 507. See, also, to the contrary, Davis-Bournonville Co. v. Alexander Milburn Co., 1 F.(2d) 227 (U. S. C. C. A., 2d Circuit)."

Thereupon the interference was reformed by the addition of Hendry's application, and, as Gowen's date for conception of the invention—alleged in his preliminary statement—was subsequent to the filing date of the senior party, Hendry, notice was given by the Examiner of Interferences on October 29, 1926, that judgment on the record would be entered against Gowen, unless, within 30 days, good cause was shown why such action should not be taken.

On December 6, 1926, Gowen having failed to take any action in the premises, the Examiner of Interferences rendered a decision holding that Gowen was not "the first inventor of the subject-matter in issue." This decision of the Examiner was affirmed by the Examiners in Chief, and, on appeal, the decision of the Examiners in Chief was affirmed by the Commissioner.

The appellant, Gowen, contended before each of the tribunals of the Patent Office, and contends here, that Hendry was not a proper party to the interference, for the reason that, as the Hendry application and the King patent were owned by a common assignee, and, as the application of King had been permitted, by the common assignee, to mature into a patent, an election was thereby made on the question of priority as between King and Hendry, and the assignee was thereafter estopped to claim that Hendry was entitled to an award of priority of the invention patented to King. In other words, it is claimed that, as the subject-matter in issue has been patented to King, the common assignee cannot obtain an additional and later patent for the precise claims by incorporating them in

the Hendry application. The case of In re Dunbar, supra, is cited as authority for this contention. With reference to this issue, the Commissioner, in his decision, said:

"It is to be noted that there is no necessary inconsistency with the Dunbar decision for the common assignee to assert that its applicant party, when an actual party to an interference, whether properly or not, is prior to the party adverse to the assignee, as a basis for an award against the adverse party. It may be that the patentee party of the common assignee is earlier than assignee's applicant party. But independently of whether the common assignee took out its patented claims in the application of its first inventor of their subject matter, clearly the adverse party is not entitled to an award of priority unless he is prior to both of them."

While it is claimed by appellant, in his assignment of errors, that the Commissioner erred in adjudging that Gowen was not the inventor of the subject-matter in issue, and that error was committed in awarding priority of invention to Hendry, the real contention of appellant is that the Commissioner erred in reforming the interference by adding the application of Hendry.

The question of the right of a party to secure a patent cannot be raised in this court on appeals in interference proceedings. In such cases the jurisdiction of this court is confined to the question of priority of invention and to such ancillary questions as may be involved therein. Norling v. Hayes, 37 App. D. C. 169; Gammeter v. Thropp, 42 App. D. C. 564; Wintroath v. Chapman, 47 App. D. C. 428; Cowles v. Rody, 49 App. D. C. 135, 261 F. 1015; Erben v. Yardley, 50 App. D. C. 43, 267 F. 345; Earles et al. v. Gomber, 50 App. D. C. 389, 273 F. 353; Hernandez-Mejia v. Kelley, 51 App. D. C. 210, 277 F. 609. Nor does it necessarily follow that a patent will be issued to the successful party in an interference proceeding. United States ex rel. Dunkley Company v. Ewing; 42 App. D. C. 176, and cases cited. These decisions rest upon the proposition that the question of the patentability of an alleged invention is an issue between the applicant and the Patent Office—the Patent Office representing the public (see 35 USCA §§ 36, 59), whereas, the issue of priority of invention and questions ancillary thereto in interference proceedings are matters inter partes (see 35 USCA §§ 52, 59). The Congress has provided for separate appeals to this court in these classes of cases.

The principles announced in the decision in the case of In re Dunbar, supra, were intended to prevent so-called "double patenting," and to prevent the extension of the statutory period of patent monopoly. It may be that the confusion, if any, results from the following language, quoted with approval by the court in the Dunbar Case, supra: "By taking out the Dyson patent, an election was made on the question of priority between Dyson and Dunbar, and the common assignee is just as much bound by that election as if an interference had been declared and priority decided in favor of Dyson." If the court had used that language in an interference proceeding, counsel might have some justification for claiming that it was applicable here; however, it was used in an ex parte appeal, and had reference only to the patentability of the Dunbar claims.

As appellant was bound by his preliminary statement, and as the filing date of the Hendry application is prior to the date alleged for conception by appellant, the tribunals below were right in holding that appellant was not the first inventor of the invention, and therefore was not entitled to an award of priority. For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.