## BENEDICT v. MENNINGER.

### Patent Appeal No. 3141.

Court of Customs and Patent Appeals.
May 29, 1933.

Archworth Martin, of Pittsburgh, Pa., for appellant.

James T. Newton, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an interference proceeding in which Benedict has appealed to this court from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner of Interferences awarding priority of invention to Menninger.

The subject-matter of the invention is a structure composed of wire fabric having a backing sheet with means for holding same in spaced relation to the fabric structure in a manner which enables the complete embedment of the strands and stays of the fabric in plaster, cement, and the like, when the device is used in the building of floors, walls, and roofs.

Three counts are involved, of which count 1 is typical: "1. Fabric structure comprising strand and stay members, a backing sheet, and means connected to said members, for supporting the sheet in completely spaced relation thereto, to permit complete embedment of said members in plaster applied to said sheet."

The interference is between a patent, No. 1,597,507, granted to Benedict August 24, 1926, on an application filed January 3, 1925, and an application of Menninger, serial No. 191,886, filed May 16, 1927, declared in the specification to be a substitute for the subject-matter common to both it and an application, serial No. 637,537, filed May 8, 1923, which latter passed to issue May 16, 1925, but which was abandoned December 15, 1925, by letter in which Menninger stated it to be his intention to file a substitute application.

On December 10, 1925, just prior to the filing of the letter of abandonment, Menninger had filed an application, serial No. 74,-469, which, the specifications stated, contain-

ed subject-matter divided out of his application of May 8, 1923. Patent No. 1,816,387 was issued upon serial No. 74,469 July 28, 1931.

It is conceded that both the Menninger application of May 8, 1923, and that of December 10, 1925, disclose the subject-matter of the counts, but same was not specifically claimed in either. Claims of the first may have been broad enough to include it.

The interference, as declared, was between the Benedict patent of August 24, 1926, and the Menninger application of May 16, 1927, thus showing Benedict as the senior party. On February 13, 1929, Menninger moved to shift the burden of proof to Benedict and on February 16, 1929, moved to dissolve. The motion to dissolve was overruled by the Law Examiner October 31, 1929, and the motion to shift the burden of proof was sustained by the Examiner of Interferences December 9, 1929, thus rendering Menninger the senior party.

Both parties took proofs.

The contentions of the party Benedict, as made before the tribunals of the Patent Office and before this court, are, in substance: (a) That Benedict is entitled to a date for conception and reduction to practice earlier than that of Menninger, who claimed such in October-November, 1922; and (b) that Menninger abandoned the subject-matter in issue when he abandoned his original application on December 15, 1925, at a time when the Benedict application, which ripened into the patent, was pending in the Patent Office.

Physical exhibits embodying the respective structures required by the counts and by claims of another patent to Benedict issued in 1924, whose pertinency is herein later explained, were placed in evidence, and are before the court.

The structure responding to the counts (they being claims taken from the Benedict patent here involved) shows a wire fabric having straight strands and straight stay wires connected together. The backing sheet, which it appears may be of paper or the like, is held in spaced relation to the wire fabric by transverse wires back of the backing sheet, which transverse wires have crimps that extend through the backing sheet and "hook over" or engage with the strands of the wire fabric.

A structure of this character enables a complete embedment of the strand and stay members of the wire fabric in the plaster or cement used in the building, and thus meets that limitation of the counts.

The structure which meets the claims of Benedict's 1924 patent, No. 1,502,012, is composed of straight strands connected by stay wires, the stay wires having bends which project through holes in the backing sheet, and wires are run through these bends back of the backing sheet, thus binding the fabric and sheet together. In the claims this "bend" is specifically named as a feature of the invention. By reason of the relation of the bent wire to the backing sheet, that portion of the bend back of the sheet does not become embedded in the plaster. Hence there is not a *complete* embedding of the strand and stay members as required by the counts of the interference.

The pertinency of Benedict's 1924 patent to the issues here involved, grows out of the fact that Benedict claims conception and reduction to practice of the subject-matter of the controverted counts prior to 1922—in fact, as early as 1919—but the concurring decisions of the tribunals of the Patent Office hold that what he then conceived, and made, embraced the subject-matter of claims of his 1924 patent, No. 1,502,012, and is distinguishable for the reason above stated, from the subject-matter of the counts at issue, taken from his patent of 1926, No. 1,597,507.

Furthermore, it is recited in the decision of the Board of Appeals that, while the application which ripened into patent No. 1,597,507 was being prosecuted in the Patent Office, patent No. 1,502,012 was cited against it, and Benedict himself, through his attorney, pointed out the very distinction relative to complete embedment of the strand and stay wires that is now pointed out by Menninger, and, presumably, the reference was withdrawn and the patent granted, in part at least, because of this distinction.

It is argued in behalf of Benedict, however, that he did, in 1919, produce a device having bent stay wires, the bends projecting through holes in the paper backing and having a string instead of wire running through these bends to hold the paper backing in place. It is claimed that this string will "give" when plaster is applied so that complete embedment results. This device is in the record as "Benedict's Exhibit I."

We agree with the tribunals of the Patent Office that the structure, which is represented by Benedict's Exhibit I, may not properly be taken as embodying the counts, and, also, that the construction of the claims given when

Benedict's patent, No. 1,597,507, was granted over patent No. 1,502,012, may not now properly be altered so as to make the disclosure of patent No. 1,502,012 read upon them. Gowen v. Hendry, 37 F.(2d) 426, 17 C. C. P. A. 789.

As to the issue concerning abandonment, we discern no error in the decision of the Board of Appeals. The subject-matter concededly was disclosed in Menninger's original application and in his divisional application filed December 10, 1925, before his formal abandonment on December 15, 1925, of the original which stood allowed. In the formal abandonment Menninger expressly gave notice of his purpose to file a substitute application. This was filed May 16, 1927. It also disclosed the subject-matter of the counts, and in due time they were copied as claims in order that the interference might be declared.

It thus appears that from May 8, 1923, Menninger has had continuously pending in the Patent Office applications disclosing the subject-matter of the counts with the right, so far as disclosure is concerned, to make the claims at any time. Continuity of disclosure was preserved. Vide Field v. Colman, 40 App. D. C. 598; Alexander Milburn Co. v. Davis-Bournonville Co., 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651.

Numerous authorities are cited by the Board of Appeals as sustaining the rule that an application effects a reduction to practice of everything disclosed therein regardless of what is claimed. Field v. Colman, supra, is among these and it includes other citations.

The fundamental purpose of an interference proceeding is, of course, to determine who is, in fact, the first inventor; such first inventor being the inventor whom the Constitution and the law contemplates shall receive the award. In this instance Menninger is shown to be the first, that is, *the* inventor, so far as the issue between him and Benedict is concerned, and we do not find in the circumstance of his abandonment of his original application with notice of an intention to file a substitute—an intention subsequently fulfilled—or in the fact that he did not in his divisional application claim all that he disclosed therein, any conduct which, under authorities cited, should serve to justify an award of priority to Benedict.

The decision of the Board of Appeals is affirmed.

**Affirmed.**