24 C.C.P.A.(Patents)

### In re WILLOUGHBY.
Patent Appeals No. 3734.

Court of Customs and Patent Appeals.

March 22, 1937.

Donald U. Rich, of New York City (Charles E. Riordon, C. Russell Riordon and Riordon & Riordon, all of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner rejecting fifteen claims (numbered 6, 7, 9, 12, 13, 14, 23, 29, 31, 32, 49, 52, 55, 56, and 59) of an application for patent filed June 8, 1925, for improvement in "Mine Car." Twenty-one claims stand allowed.

Claims 6 and 31 are illustrative of the subject-matter of the rejected claims. They read:

"6. In a mine car, flanged sills, a floor portion carried by said sill flanges, axles passing through said sill webs and above said floor portion, axle housings connecting said sills and secured to said floor portion and tie plates connecting said sill flanges.

"31. In a railway car, side sills, axles extending therethrough, means connecting said sills, a floor comprising longitudinally extending planks and an inverted channel-shaped metallic buffer beam extending below said axles, and means covering said axles and contributing to the support of said planks."

The reference cited is patent 1,649,396, issued to H. P. Field November 15, 1927, upon an application filed April 9, 1926.

It will be noted from the filing dates of the respective parties that the applications were co-pending from April 9, 1926, until the issuance of the Field patent November 15, 1927, and that appellant was first to file. There was no declaration of inter-

ference, however, evidently for the reason that both applications were owned by a common assignee, the American Car & Foundry Company, which now owns both the patent and the application at issue and which, therefore, is the real party in interest in the case.

That the claims at issue read upon the patent is virtually conceded, but appellant contends that they are generic to the structure in the patent and "are directed to combinations of elements different from the claims of the Field patent." In his statement the Examiner, after analyzing claim 6 of the application and referring to claims 10 and 16 of the patent, said:

"Under these circumstances it appears obvious that to grant a patent on the present application including claim 6 would obviously result in double patenting and an extension of the monopoly which the assignee of the present case already enjoys."

Other claims of the application were then compared with other claims of the patent, and the Examiner's statement continued:

"The above examples obviously show that there is no proper line of division between the cases [application and patent] and it is therefore believed that the final rejection should be affirmed."

The Board made no reference to "double patenting," but affirmed the decision of the Examiner, saying:

"It is our opinion that, where a plurality of applications are assigned to the same assignee and there is overlapping disclosure, it is incumbent upon the assignee to clearly point out the respective inventions of the parties. We do not consider that those who may be interested in the patents or the officials of this Office should be required to speculate as to the line."

For the purpose of comparison the Board quoted, in connection with claim 31, supra, claim 5 of the patent as follows:

"5. In a mine car, wheel axles, sills having flanges formed at the bottom thereof, ties between said sills, a floor located below the wheel axles and mounted on said flanges and ties, a longitudinal buffer beam forming a part of said floor, and axle housings mounted on the floor and connected to said sills."

In the brief on behalf of appellant rejected claims 29, 31, 32, 55, and 56 are compared with claims 2, 5, 6, 7, 12, 15, and 16 of the patent, and rejected claims 6, 7, 9, 12,

13, 14, 15, 49, 52, and 59 are compared with claims 8 to 11, inclusive, and 17 to 24, inclusive, of the patent. To enable comparison with the second group, therefore, claim 10 of the patent is here quoted:

"10. In a mine car, wheel axles, sill plates having bottom flanges thereon below the wheel axles, a floor supported on said sill flanges, and axle housings mounted on said floor and connected to said sills, said housings having a gradual slope on one side thereof."

Much of appellant's brief is devoted to the subject of double patenting, the insistence being that the doctrine is not here applicable. As has been said, the Board made no reference to double patenting, and it is conceded by the solicitor for the Patent Office that it does not apply here. We infer from the statements in the solicitor's brief that it is his view that the Examiner in referring to double patenting did not use the phrase in the sense in which it is commonly used in patent parlance. The brief says:

"If two different inventors each obtain a patent for the same invention, that invention has been patented twice, that is, it has been patented doubly and in one sense there may be double patenting. This is not the sense, however, in which double patenting is usually referred to in patent parlance.

"Appellant in his brief apparently uses double patenting in the sense of two patents granted to the same inventor. It is obvious that this doctrine is not involved in the instant case because the two inventors are different. * * *"

Whatever may have been the thought of the Examiner in using the term "double patenting," we are of the opinion that the rule as to double patenting is not here involved, and the same will not be further considered by us.

As we view the case, the broad question before us, upon the record presented, is whether the common assignee, having elected to take patent upon the Field (the junior) application, is now entitled to receive a patent upon claims in the Willoughby (the senior) application, the subject-matter of which claims was disclosed but not claimed in the same, or substantially the same, phraseology in the patent.

In the case of In re Leon Mann and Morris Koppelman, 47 F.(2d) 370, 371, 18 C.C.P.A.(Patents) 1020, we were confront-

ed with an issue quite similar to that with which we are here confronted. Mann and Koppelman filed a joint application October 21, 1921. On April 15, 1922, the same Koppelman and one Cooper filed another joint application which resulted in the issuance of a patent which, at the time of issuance, was shown to have been assigned to Mann and Koppelman, the prosecution of which application of April 15, 1922, was continued. The patent claimed an invention upon subject-matter found to be disclosed in the senior application. Citing In re Dunbar, 51 App.D.C. 251, 278 F. 334, we pointed out that obviously no interference should have been declared between the respective applications "because there were no adverse interests, the beneficiaries of both applications being the same parties." We found that the claims of the application read upon the disclosure of the patent and further held expressly as to the single feature of the claims in the application alleged to differentiate from the claims of the patent, that no invention would be involved in modifying the patent structure to meet that feature, and affirmed the decision of the Board rejecting the claims.

Appellant contends that the decision in the Mann et al. Case, supra, was erroneous and that our decision in the subsequent case of In re George E. Howard, 53 F. (2d) 896, 19 C.C.P.A.(Patents) 759, decided December 7, 1931, had the effect of overruling the Mann et al., decision, supra.

We are unable to agree to either of these contentions. Expressions in judicial opinions, even upon purely legal questions, are naturally influenced by the particular state of facts presented in the case under consideration. It is possible that in our decision in the Mann et al. Case, supra, expressions may be found where we compared the claims at issue with the disclosures of the patent, which standing alone and considered apart from the finding as to lack of invention in the differences between the claims, might be interpreted in a manner not intended by the court. For example, counsel for appellant suggest the possible effect of the decision, as a precedent, in cases involving divisional applications, as when structural claims are contained in one application and method claims in another with identical disclosure in both applications as is usually the case. We had no occasion to consider such a situation in the Mann et al. Case, supra, nor in the Howard Case, supra; nor is there any occasion to do so here. The mind of

this court is entirely open upon that question. That this court recognized that there might be exceptions to the general rule applied in the Mann et al. Case, supra, is quite clearly evidenced by the following statement there made:

"In certain cases, where there are two applications by different inventors, but held by a common assignee, and there is a disclosure of the same basic invention in both applications, but in one of which it is asserted that the applicant is the inventor only of an improvement in the basic invention disclosed, a patent issued upon the improvement claim in such last-named application is not a bar to a patent upon the other application; but the case before us is not one of that character."

It was not intended by the foregoing which, in a sense, was obiter in the Mann et al. Case, supra, elicited, however, by certain arguments there made, to suggest that the exception there named was the only exception to the rule. We realized that there might be other exceptions.

The facts appearing in the Howard Case, supra, led us to the conclusion that it presented grounds which excepted it from the rule, and accordingly we there sustained appellant's contention and reversed the decision of the Board of Appeals, but there was no overruling of the Mann et al. decision, supra, either directly or by implication.

We think the decision in the Mann et al. Case, supra, was in entire harmony with the decision in the Dunbar Case, supra, which latter, as we understand it, has been consistently followed by the Patent Office ever since its rendition, and we adhere to the principle stated.

The question here, therefore, is whether the facts presented render this an exceptional case, or does it fall within the general rule.

It seems to us that the fair interpretation of the decision below is that the rejected claims of the application do not, in their terms, as expressed, so distinguish from the claims of the patent as to show patentable matter not embraced in the latter claims. As has been said, it is virtually conceded that the rejected claims read upon the disclosure of the patent, but the insistence is, in effect, that more might have been claimed in the patent than was claimed, and that the rejected claims here cover such unclaimed matter and are, therefore, allowable.

If this be true and patentable distinction exists, the case would be an exception to the general rule, but it does not follow simply because no claims are contained in the patent in the same, or substantially the same, phraseology as that of the rejected claims that an exception should be made. It is a matter of substance rather than of form, and it must be made clear that the rejected claims contain inventive subject-matter which the patent claims did not cover. We are unable to agree that this is shown. Careful attention has been given to appellant's analysis and comparison of the claims, but we fail to find any satisfactory showing of distinctive patentable subject-matter. The examiner's analysis and comparison of the rejected claims and patent claims show an overlapping. Some of the rejected claims are broader than some of the patent claims and vice versa. It is needless to draw this opinion out to undue length by repeating or paraphrasing the discussions of this matter by either appellant or the Examiner.

We concur in the thought expressed by the Board that neither the portion of the public interested in the patents, nor the Patent Office officials (to whom we may add the courts) should be required to speculate as to the line of patentable division. It was incumbent upon appellant clearly to point out what patentable matter, if any, is contained in his claims that was not covered by the patent claims and this he has not done to our satisfaction. It has been noted that many claims stand allowed. In those we have no interest. Presumably they do distinguish from the patent claims. We rest our decision here not simply upon a comparison of the rejected claims with the disclosures of the patent, but upon comparison with the claims of the patent.

Since our conclusion upon the main issue is decisive of the case, there is no occasion for the consideration of any of the collateral questions raised in the reasons of appeal.

The decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in the decision of this case.