## In re FISCHER.
### Patent Appeal No. 2974.

Court of Customs and Patent Appeals.
May 31, 1932.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed his application in the United States Patent Office on November 8, 1919, for a patent on an alleged improvement in "air, moisture, and sound-proof structure and method of and adhesive material for producing the same." Included in the application were an unnecessary and troublesome multiplicity of claims. The Examiner allowed certain of the claims and disallowed others. The Board of Appeals allowed cer-

tain other claims and modified the decision of the Examiner to some extent. The appellant has appealed to this court upon the rejection of claims 3, 5, 12, 13, 14, 20, 24, 25, 26, 30, and 31.

The rejection was made by the Board of Appeals on the following references: New, 251,921, January 3, 1882; Kerbaugh, 427,174, May 6, 1890; Cavey, 1,361,517, December 7, 1920; Abraham's Work on Asphalts and Allied Substances, page 439.

Appellant's invention consists of a material to be used upon roofs and similar structures, consisting of a thin sheet of paper, felt, or like substance, with a normally tacky adhesive surfacing, preferably of bituminous or asphaltic origin, which adhesive has the inherent characteristic of maintaining fluidity and adhesiveness, so that it will be self-adhering, when opened up and applied to the surface which is to receive it. The appellant proposes to use any ordinary and suitable asphaltic or bituminous compound for his adhesive.

Rejected claims 30 and 31 were copied from the reference patent to Lowe, and were inserted in the application for the reason, as it is averred, of procuring an interference with that patent. The remaining rejected claims were rejected by the board upon the reference Cavey.

Appellant filed certain affidavits of himself and his attorney, under rule 75 of the Patent Office, in and by which affidavits he proposed to swear back of the Cavey patent and thus obviate its use as a reference against his application. Counsel argues quite earnestly in this court that these affidavits fully complied with the rule, and that, accordingly, the Cavey patent should not have been used as a reference.

The difficulty with this position is found in the language of said rule 75, which is as follows: "75. When an original or reissue application is rejected on reference to an expired or unexpired domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing of the application on which the domestic patent issued, or before the date of the foreign patent, or before the date of the printed publication, and shall also make oath that he does not know and does not believe that the invention has been in public use or on sale in this

country, or patented or described in a printed publication in this or any foreign country for more than two years prior to his application, and that he has never abandoned the invention, then the patent or publication cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than two years prior to the date on which application was filed in this country."

It will be observed that this rule applies only to references where the invention is shown or described, but not claimed. On reference to the Cavey patent we find, as did the Board, that the patentee expressly made claim for a similar product to that claimed by appellant here, with this feature expressly claimed: " * * * Said sheets being superposed and adherent with the cementing surfaces in juxtaposition, and capable of being subsequently stripped apart and laid with the cement securing overlapping portions of the roofing."

Therefore rule 75 has no application to the case at bar, and the affidavits were insufficient for the purpose of overcoming the Cavey reference.

In support of his present application, the appellant offered his application, serial No. 273,868, filed January 29, 1919, which he states was abandoned, but of which he avers the present application is a continuation. He argues that the said application discloses the feature heretofore referred to, of two sheets with their adhesive surfaces in contact, and that he is, under the rule of Chapman v. Wintroath, 252 U. S. 126, 40 S. Ct. 234, 64 L. Ed. 491, entitled to rely upon the earlier application for common subject-matter. He also argues that, because the date of the said serial No. 273,868 is prior to the date of application in the Cavey patent, the latter date being June 18, 1919, the Cavey patent is not properly used as a reference against him as to that feature. In support of this contention he cites Ex parte Allport, 1915 C. D. 32, in which the office announced the rule, based upon Field v. Colman, 40 App. D. C. 598, that a patent having a filing date subsequent to the filing date of the original application is not properly used as a reference.

As we view it, the contention of the appellant cannot be sustained in this respect, in view of the fact, as stated by the Board of Appeals, and not controverted by appellant, that the application, serial No. 273,868, as originally filed, had no reference to the feature of arranging the sheets of material with their adhesive surfaces in contact. This feature was added to the application by amendment dated September 24, 1920, which date was subsequent to the filing of the application of the Cavey patent. Hence no good reason can be seen why the Cavey patent is not a good reference in respect to such claims as rest upon this feature without further limitations.

It is apparent, from an examination, that the Cavey patent fully discloses and claims the subject-matter in appellant's rejected claims 3, 5, 20, 24, 25, and 26.

The Board of Appeals has properly held that rejected claims 12 and 13 are not patentable over allowed claim 15, and that rejected claim 14 is not patentable over allowed claim 16. These rejected claims are, for all practical purposes, identical with said allowed claims.

Claims 30 and 31 are substantially the same. Claim 30 is as follows: "30. A pavement comprising a supporting substructure, and an overlying fibrous sheet adhesively united to the substructure, the fibrous sheet being saturated with a semi-solid material to render the sheet slightly and slowly yieldable under impact, and being coated on its exposed surface with a bituminous compound solid at normal temperatures but capable of coalescing after scarring."

It is stated that these claims are incorporated by appellant for the purpose of obtaining an interference, if said claims are allowed, with the Lowe reference patent. We are unable to find anything in appellant's present disclosure upon which claims 30 and 31 will read. Appellant's application does not suggest or intimate that his material may be used for a pavement, and entirely fails to show the feature of a coating on the exposed surface of the material with a bituminous compound "solid at normal temperatures."

We therefore conclude that the Board of Appeals was not in error in rejecting these claims. The appellant certainly cannot, even for the purposes of interference, have claims allowed to him which do not read upon his disclosure.

It is contended that the affidavit of the appellant filed April 2, 1928, was sufficient under rule 94 of the office, and that, even if the Cavey reference could not be overcome by said affidavit under said rule 75, the claims rejected under said Cavey reference should have been allowed for the purposes of interference.

The Board of Appeals made its first decision herein on October 28, 1930. Thereupon

the appellant filed his motion for reconsideration, and attached thereto his own affidavit and that of his attorney, attempting to bring the facts within the purview of said rule 94, which rule appears herein in a marginal note.[1] It is stated by the Board in its decision on said motion, and not denied here, that the application of said rule 94 was for the first time raised on said motion, the issue up to that time being as to the patentability of appellant's claims over said Cavey reference. The board reiterated its former holdings on the merits and denied the motion. Thereupon the appellant filed his reasons for appeal, alleging error, among other things, in the Board's failure to find said affidavits sufficient under said rule 94.

As we view the matter, the appellant is not in position to raise the point complained of, if, in fact, it is a question which we may consider upon this appeal. If appellant had desired the benefit of rule 94, he should have copied some or all of the claims of the Cavey patent. Having then, identical claims which might be made the counts of an interference, and making oath to prior invention, he might have obtained a consideration of the allowability of his claims, without reference to the Cavey patent. This he did not do, and he cannot complain when the Board failed to concur in what was, to him, plainly an afterthought.

It is also alleged as error that the Board of Appeals denied to appellant a reconsideration upon his motion to reopen his case. While the board formally denied the "petition for rehearing," we are of opinion a re-

consideration was given to the matter, as appears by the decision of the Board, where it is said in part: "No sufficient reasons have been advanced that would make us arrive at any different conclusion." We have held that on oral hearing is not required upon such reconsiderations, and that "the Board may exercise its sound discretion as to the procedure it will follow in this reconsideration." In re Greenfield, 40 F.(2d) 775, 779, 17 C. C. P. A. 1217.

The decision of the Board of Appeals is affirmed.

Affirmed.

---

[1] 94. Interferences will be declared between applications by different parties for patent or for reissue when such applications contain claims for substantially the same invention which are allowable in the application of each party, and interferences will also be declared between applications for patent, or for reissue, and unexpired original or reissued patents, of different parties, when such applications and patents contain claims for substantially the same invention which are allowable in all of the applications involved: Provided, That where the filing date of any applicant is subsequent to the filing date of any patentee, the applicant shall file an affidavit that he made the invention before the filing date of the patentee.

Where claims are copied from a patent and the examiner is of the opinion that the applicant can make only some of the claims so copied, he shall notify the applicant to that effect, state why he is of the opinion he can not make the other claims and state further that the interference will be promptly declared and that the applicant can proceed under rule 109, if he further desires to contest his right to make the claims not included in the declaration of the interference.

Parties owning applications or patents which contain conflicting claims will be required before an interference is declared to show cause why these claims shall not be eliminated from all but one of the applications or patents of common ownership.