Cole, Judge,
delivered the opinion of the court:
, This is an appeal from the decision of the Board of Appeals of the United States; Patent Office, affirming the final rejection by the Primary Examiner of claims ! to 6 inclusive of appellant’s application, serial No. 241,736, filed August 14,1951, for a patent on a supersonic *847 airplane. Claims 1 and 3, which are representative of the appealed claims, are as follows:[1]
1. A supersonic airplane of isosceles triangular plan form comprising two right triangular wings of the same dimension having their span sections progressively increasing in dimension from their acute angled no«e of the airplane aft substantially to the trailing edge and each having their maximum span section equal to approximately 32% of the maximum chord.
3. A supersonic airplane including a main substantial wing of symmetrical airfoil section and general triangular plan and having a sweep-back angle of approximately 45 degrees, and having an aspect ratio not greater than 3, fixed streamlined fuselage projecting above said wing and extending forward of trailing edge along the midsection of said wing and faired into said upper wing surface; fixed stabilizing fin means projecting above rear upper surface of said fuselage and extending forward of the trailing edge of said fuselage and faired into said upper surface of said fuselage; trailing rudder means pivotally mounted on said fin, means above the trailing edge of said fuselage, and horizontal control surfaces pivoted to the trailing edge of said wing adjacent to the tips thereof on opposite sides of and laterally spaced from said fin means for controlling both vertical and rolling movements of the airplane, each of said surfaces being within the outboard half of semi-span of said wing.
The references relied upon are:
Gluhareff, 2,511,502, June 13, 1950.
“Aviation Week” July 4,1949, pages 21 to 24
Appellant’s application discloses a jet-propelled airplane which is of generally isosceles triangular shape and which may be formed of two symmetrical hollow wing sections joined together along the longir tudinal axis of the plane. The apex of the triangle points in the direction of movement of the plane and a vertical stabilizer fin extends from the top mid-section of the trailing edge. A rudder is provided at the trailing edge of the fin, extending aft of the trailing edge of the wings. Longitudinal and lateral control is provided by wing tip surfáces disposed on opposite sides of the rudder and projecting outboard and forward along the trailing edge of the wings.
Tn modified, forms, the plane may include a tapering fuselage which extends along the longitudinal axis of the plane and is faired into the wing sections. ' ■ -
*848 The Gluhareff patent discloses a supersonic airplane of generally isosceles triangular form having two symmetrical wings, and provided with a stabilizing fin and rudder similar to those employed by the appellant. Gluhareff also provides wing tip surfaces similar to those used by the appellant, for effecting longitudinal and lateral control, and a fuselage located along the longitudinal axis of the plane and faired into the wings.
The publication “Aviation Week” discloses a supersonic airplane having a wing structure of essentially isosceles triangular form with a streamlined fuselage located along the longitudinal axis and faired into the wing structure and extending somewhat forwardly of the apex of the wing structure. The plane shown by the publication is also provided with a.stabilizer fin, rudder and wing tip controlling surfaces similar to those shown by appellant and by the Gluhareff patent.
Before considering whether the subject matter of the appealed claims is disclosed by the references, it. is necessary to pass upon several contentions which have been made by the appellant to the effect that the dates of the references are such that they were improperly cited against his.application.
Appellant’s application No. 241,736, on which the present appeal is based, was filed on August 14, 1951, more than a year after both'the date of publication of the “Aviation Week” reference (July 4,1949)., and the date of issue of the Gluhareff patent (June 13,1950). Accordingly, unless the appellant is entitled to rely on some filing date earlier than that of his instant application, each of the references is a statutory bar to the extent that it discloses the invention claimed by the appellant. 35 U. S. C. 1952 ed. § 102 (b).
The record shows that on September 7, 1949, appellant filed application, Serial No. 114,424, for patent on a “Supersonic Airplane Wing,” which application was co-pending with the one on which the present appeal is based. To the extent that the subject matter claimed in this appeal was disclosed in application No. 114,424, as filed, therefore, appellant is entitled to a filing date of September 7,1949. It was held by the Patent Office tribunals that the subject matter of appealed claims 1 and 2 was disclosed in appellant’s application No. 114,424, as filed, but that the subject matter of appealed claims 3, 4, 5 and 6 was not so disclosed, and we are in agreement with those holdings. As was pointed out by the examiner, application No. 114,424, as filed, did not sufficiently disclose a fuselage or streamlined cabin, as recited in appealed claims 3 and 4, nor the proportions of the wing recited in claims 5 and 6.
*849 On February 16, 1951, the appellant filed in application No. 114,424, a proposed amendment including a new specification and drawing corresponding to those later filed as parts of his instant application, No. 241,736. The examiner refused to enter the proposed new. specification and drawing in application No. 114,424, for the reasons that they had not been required and that they contained new matter not supported by the original disclosure. The appellant did not seek review of that holding of the examiner by petition or appeal and it accordingly became final and is not subject to review here. It may be noted, however, that a comparison of the original and proposed substitute specifications and drawings shows that the examiner’s holding was clearly correct.
While the proposed substitute specification and drawing were physically a part of the record of application No. 114,424, they never formed a part of the official disclosure of that application. Title 35, section 132, of the United States Code, 1952 ed., provides that “No amendment shall introduce new matter into the disclosure of the invention.” It follows that as to the subject matter of appealed claims 3, 4, 5 and 6, ■the appellant cannot be accorded a filing date either as of September .7, 1949, when application No. 114,424 was filed, or February 16,1951, when the proposed, but unentered, substitute specification and drawing were filed in that application; but must be restricted to August 14, 1951, the filing date of the appealed application, No. 241,736. The references are therefore statutory bars to the allowance of those claims so far as they disclose the claimed sub j ect matter.
As to claims 1 and 2, the- references are not statutory bars. However, the Gluhareff patent was issued on an application filed June 5, 1946, which is long prior to any filing date of appellant, and the patent is therefore a valid reference unless appellant can establish a date of invention of the subject matter of those claims, prior to June 5, 1946.
With respect to claims 1 and 2, the board made the following holding :
' As to claims 1 and 2 of the instant appeal, it is not apparent that the subject matter of these claims, even if supported by the original disclosure of the earlier application, is sufficiently distinct from that covered by the claims of the Gluhareff patent that the patent could be avoided by the filing of affidavits without a contest of priority. Appellant has made no attempt to copy any of the claims of the Gluhareff patent for interference purposes. For the reasons stated, we consider that the Gluhareff patent is a reference against appellant.'
That holding is based on the fact that a prior patent can be overcome by eos 'parte affidavits as provided for by Patent Office Rule *850 131 only when the patent “substantially shows or describes but does not claim the rejected-invention.” In re Fischer, 19 C. C. P. A. (Patents) 1231, 58 F. 2d 1058, 13 U. S. Pat. Q. 386. If the patent claims the rejected invention, it can be overcome only by an interference proceeding and, as indicated by the board, the appellant, has not sought an interference with Gluhareff.
We are in agreement with the quoted holding of the Board of Appeals, since the claims of the Gluhareff patent, although differing somewhat in phraseology from appealed claims l.and 2, are drawn to the same inventive concept and accordingly appealed claims 1 and 2 .could not properly be allowed to the appellant unless' he has successfully contested an interference with the patentee. ■ •'
■ Under these circumstances, the ex parte affidavits and other statements of record cannot be accepted as establishing that the appellant made the claimed invention prior to Gluhareff’s filing date. It may be noted, moreover, that there is nothing of record to suggest that appellant ever made or tested a full-sized airplane constructed- in accordance with any of the appealed claims.
The evidence relied on relates only to drawings and models which, at best, could establish only conception of the claimed invention and not actual reduction to practice.
Appellant could be accorded no date of reduction to practice prior to his first filing date of September 7,1949, and could therefore overcome the Gluhareff patent only by showing the continuous exercise of reasonable diligence from Gluhareff’s filing date of June 5, 1946, until September 7, 1949. See Ex parte Hunter, 1889 C. D. 218, 49 O. G. 733; Ex parte Gasser, 1880 C. D. 94, 17 O. G. 507; Ex parte Hudson et al., 95 USPQ 44. There is clearly no showing here of the required diligence by appellant.
For the reasons given, we are of the opinion that, so far as dates are concerned, the Gluhareff patent' and “Aviation Week” are proper references against the appealed claims and it is therefore necessary to consider whether they disclose the subject matter of those claims.
Claims 1 and 2 were rejected on Gluhareff. The examiner held -that claim 1 “is obviously fully met by the reference,” and that statement is correct since Gluhareff clearly discloses a supersonic airplane of isosceles triangular plan comprising two wings progressively increasing in dimension from the nose aft, as required by claim 1 and states that the maximum span of the combined wings is 64% of the maximum chord, from which it follows that the maximum span of each wing section is 32% of the maximum chord, as recited in appealed claim L,
Appellant, in his brief, relies heavily on the fact that his airplane is composed of two symmetrical sections bolted together. How *851 ever, neither claim 1 nor any of the other appealed claims is limited to an airplane' formed in that manner, and it is well settled that- the patentability of- claims mnst be determined on the basis of the limita^ tions which are recited in them. In re Cresswell, 38 C. C. P. A. (Patents) 917, 187 F. 2d 632, 89 USPQ 147, and authorities there cited.
Claim 2 calls for a plane having a dart-shaped surface with the forwardly converging leading edges swept back at least 60 degrees and having an aspect ratio of not more than one. ' Sweepback is defined as the acute angle between the leading edge of the wing- and a line perpendicular-to the fuselage center line, while aspect ratio is the ratio of the square of the span to the total area of the wing and protruding fuselage, if any.
Gluhareff states that his sweepback- angle may be as greát as 72.5 degrees, which satisfies the requiremént of claim 2 as to that angle. The lowest aspect ratio which he specifically suggests is 1.2 whereas claim 2 states that such ratio shall not be greater than 1. This is a comparatively small difference, however, and there is nothing to show that the particular aspect ratio claimed by the appellant is critical or will produce any hew or unobvibus result. - We accordingly agree with the- board that appellant’s claims 1 and 2 fail to define invention over what is disclosed and claimed by Gluhareff.
Claim 3 was rejected as unpatentable over “Aviation Week.” That publication discloses a supersonic plane of generally triangular plan with a sweepback of 45 degrees or more, which satisfies the requirement of claim 3 for a sweepback of “approximately 45 degrees,” and an “aspect ratio less than 3,” which meets the requirement of the claim as to that ratio. The remaining structural features recited by claim 3 are also fairly disclosed in the publication, as pointed out by the examiner and the board, and the rejection of the claim was therefore proper.
Claim 4 was rejected'on Gluhareff in'view of'“Aviation Week.” Gluhareff clearly discloses everything called for by this claim except the streamlined cabin faired into the fuselage. Such a cabin is shown by “Aviation Week” and it would involve no invention, in view of that showing, to add a streamlined cabin tó the fuselage of Gluhareff and to locate the controlling means for the plane in' such cabin.
Claims 5 and 6 are clearly readable on the Gluhareff patent, on which they were rejected, except that the former calls for a plane having its maximum span section equal to 45% of its maximum-chord and the latter calls for an aspect ratio between 1 and 1.2. Gluhareff suggests that the maximum span be equal to 64% of the maximum *852 chord and that the aspect ratio be between 1.2 and 1.35. We agree .with the Patent Office tribunals that these claimed differences between appellant’s device and that of the references have not been shown to involye anything more than choice or design within the skill of the ordinary worker in the art, and that claims 5 and 6 therefore define nothing patentable over Gluhareff.
The appellant contends that he is entitled to the benefits of the .Boykin Act (P. L, 690, 79th Congress, 2d sess., ch. 910, Aug. 8,1946, 60 Stat. 940)... As was pointed out by the Board of Appeals, that act Relates to situations in which foreign applications were filed or in which a disclosure was made to the Government of the United States p.ursuant to an agreement between the United States Government and the Government of a foreign country. There is no evidence of any such foreign application or agreement in the present case, and the Boykin Act is therefore inapplicable.
Appellant further argues that Gluhareff’s patent is invalid because of an alleged offer by the appellant to sell his invention to the ■National Inventor’s Council in 1941, more than a year prior to the filing of Gluhareff’s application. However, the validity or invalidity pf Gluhareff’s patent has nothing to do with its effectiveness as a reference if, as we have herein held, the patent discloses and claims the invention claimed by appellant.
It appears that appellant feels that he has been unfairly treated in that he is now being refused a patent despite the fact that he disclosed what he alleges to be the invention claimed here to the National Inventor’s Council long prior to the effective dates of the references on which his claims have been re j ected.
However, under the patent laws, a disclosure of an invention to the National Inventor’s Council is not equivalent to the filing of an application for a patent nor to a reduction to practice of the invention.
The conditions under which patents may be granted are definitely-set forth in the statutes and we are without authority to depart from those conditions on the basis of alleged equitable considerations.
• We have given this entire case very careful consideration in the light of all the arguments presented by the appellant and by the Patent Office, and we are of the opinion, for the reasons set forth above, that the rejection of the appealed claims was proper.
The decision of the Board of Appeals is affirmed.
Jackson, J., retired, recalled to participate.

 Tie following definitions will aid in the understanding of tie claims :
Air-foil section — tie part of tie plane exposed to the'flow of air when the plane is in motion. •
Faired — fitted smoothly without projections.
Span — greatest width at right angles to direction of flight.
. Aspect ratio — the ratio of the square of the span to the area of the wing surface. In the case of the triangular wing here involved that the area is one-half the product of the span by the length from nose to tail.
sweepbaeh — the acute angle between the leading edge of a wing and a line perpendicular to the direction of flight.
Maximum chord — the longest side of a member, in this case the inclined sides of the wings.