Modified.

## In re BOUDIN.
### Patent Appeal No. 2980.

Court of Customs and Patent Appeals.
May 23, 1932.

Vernon M. Dorsey, of Washington, D. C. (Alan F. Garner, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1 to 4, inclusive, in appellant's application for a patent for an alleged invention relating to a process and an apparatus for making sheet glass.

Claims 1 and 2 were involved in an interference with the patent to Howard, No. 1,616,370, interference No. 55420.

On motion by the patentee, the interference was dissolved by the Law Examiner on the ground that the counts were unpatentable to appellant over the claims contained in his patent No. 1,628,353, issued May 10, 1927.

Appellant did not appeal from the decision of the Law Examiner.

Claims 2 and 4 were rejected by the Board of Appeals on the patent to Boudin, No. 1,628,353.

Appellant has withdrawn claims 1, 2, and 4 from this appeal. Accordingly, we are concerned only with the patentability of claim 3, which reads: "3. The hereinbefore described process of forming sheet glass which comprises feeding molten glass in a substantially horizontal direction through an issue opening from a furnace, moving the issued glass upwardly from the issue opening to a forming pass and forming the issued glass into sheet form at such pass."

In its original decision, and in its decision rendered in compliance with a request for a reconsideration filed by appellant, the Board of Appeals held that the subject-matter of claim 3 was covered by the claims in the Howard patent, and that, as appellant failed to contest the issue of priority with the patentee, Howard, in interference No. 55420, he was not entitled to an allowance of a claim which defined that particular subject-matter.

Counsel for appellant contends in this court that claim 3 was not in the interference referred to, and could not have been put into that interference, because it was a claim not made by Howard. It is further contended by counsel for appellant that the Primary Examiner rejected claim 3 on appellant's patent No. 1,628,353, and did not reject it on the Howard patent; that this court should reverse the decision of the Board of Appeals, and remand the case to the Patent Office for further consideration; and that, if, upon such reconsideration, the Primary Examiner should reject the claim on the Howard patent, appellant would then be called upon to establish that he completed the invention involved in claim 3 prior to the filing of the application on which the patent to Howard was issued, as provided in rule 75 of the Rules of Practice of the Patent Office.

It was stated in appellant's application, filed April 9, 1927, that it was filed as a division of application No. 105,039, filed April 27, 1926.

The Howard application was filed March 1, 1926, and matured into a patent on February 1, 1927.

The applications of appellant and Howard were, therefore, copending until the Howard patent issued.

Counsel for appellant contends that the involved claim 3 could not have been put into the interference between appellant's application and the patent to Howard, because, it is contended Howard did not claim the subject-matter covered by appealed claim 3. If this is so, then, of course, appellant should have been given the opportunity, in accordance with rule 75 of the Rules of Practice of the United States Patent Office, to establish that he had completed the invention defined in claim 3, in this country, prior to the filing date of the Howard patent. In re Smith, 36 F.(2d) 522, 17 C. C. P. A. 752. However, if the subject-matter of appealed claim 3 was claimed in the Howard patent, either claim 3 or a claim defining the subject-matter contained therein should have been included in the interference, and it was the duty of appellant, if the Patent Office failed to act, to have suggested and presented such a claim or claims for adjudication in the interference, if he intended to claim that he was the prior inventor of that subject-matter. In re Ellis & Holden, 47 F.(2d) 963, 18 C. C. P. A. 1060.

The Board of Appeals held that the patentee, Howard, claimed the subject-matter defined in appealed claim 3.

Appealed claim 1 was claim 4 of the Howard patent and count 1 of the interference.

450

It reads: "1. The method which comprises directing a stream of molten glass against the periphery of a horizontally disposed roll, in a plane below the uppermost portion of said roll, and rotating the roll to advance the glass beneath a sheet-forming roll that is disposed in a plane above the first-named roll."

Claim 1 of the Howard patent reads as follows: "1. The method which comprises directing molten glass against an upwardly moving surface, spreading the glass laterally on said surface, and causing said surface to carry the glass past a sheet-forming member."

Appellant described his invention in his specification, in part, as follows: "The present application is directed to an aspect of my prior invention which does not necessarily include the formation of a meniscus, or a submerged issue opening, *but which merely embodying flowing a stream of molten glass against the periphery of a roll below the top of the roll and rotating the roll to advance the glass to the forming pass.* Hence in this application I will not make reference to the flow opening as submerged, *and such opening will be described merely as a means for feeding a stream of glass to the rolls.*" (Italics ours.)

It will be observed that claim 3 refers to a "forming pass," and "forming the issued glass into sheet form at such pass." Whereas, Howard, in claim 4, and appellant, in appealed claim 1, stated that a stream of molten glass was directed "against the periphery of a horizontally disposed roll, in a plane below the uppermost portion of said roll, and rotating the roll to advance the glass beneath a sheet-forming roll that is disposed in a plane above the first-named roll."

Claim 1 of the Howard patent, instead of referring to rolls, as in claim 4, or to a forming pass, as in appealed claim 3, states that the molten glass was directed "against an upwardly moving surface * * * and causing said surface to carry the glass past a sheet-forming member."

■ It would seem to be evident from what has been said that Howard, not only disclosed, but claimed, the subject-matter of appealed claim 3. It is true that claim 3 contains somewhat different language from the process claims of the patent; nevertheless, it defines the same invention. This being so, appellant is not entitled to a patent for that claim without first obtaining an award of priority. Having had the opportunity to try out the question of priority in inter-

ference No. 55420, it follows that, if the subject-matter defined in claim 3 was there involved, appellant should have appealed from the decision of the Law Examiner. Having failed to do so, he cannot now be heard to complain. If the subject-matter defined in claim 3 was not involved in that interference, appellant should have suggested and presented a claim defining it. Having failed in this respect, he is not now entitled to an allowance of a claim which defines that particular subject-matter. Under the circumstances of this case, rule 75 of the Rules of Practice of the Patent Office has no application. In re Smith, supra; In re Ellis & Holden, supra.

Having reached this conclusion, we deem it unnecessary to consider other issues presented by counsel for appellant. For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.