35 C.C.P.A. (Patents)

### Application of JENNINGS.

### Patent Appeal No. 5448.

Court of Customs and Patent Appeals.

May 4, 1948.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich., (John M. Kisselle, of Detroit, Mich., and Stephen W. Blore, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 5, 6, 7, 8, 9, and 15 in appellant's application for a patent for an invention for a freezing container.

Claims 3 and 4 were allowed by the Primary Examiner.

Claims 1 and 6, which are typical of the appealed claims, read:

"1. As a new article of manufacture, a sharp-freezing container for substances to be frozen, and partitions for dividing the container into a plurality of ice cube molds, said partitions being formed of resilient, easily distortable rubber the external surfaces of which comprise the reaction product of rubber and a compound of the sulphur group."

"6. As a new article of manufacture, a sharp freezing container for substances to be frozen, and partitions for dividing the container into a plurality of ice cube molds, said partitions being formed of resilient, easily distortable rubber, the surface of which is a reaction product of rubber treated by immersion for five minutes in a liquid mixture containing about 80% sulphuric acid."

The references relied on are:

Brill et al., 2,102,456, December 14, 1937.

Jennings, 2,303,938, December 1, 1942.

Appellant's application discloses a refrigerator ice tray having a grid for dividing the interior of the tray into a number of separate compartments for the molding of ice cubes. The grid is formed of resilient, easily distortable rubber, and its surfaces are reacted with a suitable preparation which prevents the ice from adhering to them. As called for by the appealed claims, this preparation may be a compound of the sulphur group or, specifically, sulphuric acid.

The patent to Jennings, appellant's patent, which was granted on an application copending with that involved in this appeal, discloses an ice tray grid identical in construction with that disclosed in the appealed application and states that the surfaces of the grid may be reacted with various halogens or with sulphuric acid. That patent, therefore, contains a full disclosure of everything set forth in the appealed claims.

The patent to Brill et al. discloses that rubber articles may be given slippery smooth surfaces by reacting them with various substances, including halogens and sulphuric acid.

The appealed claims were rejected on the ground that their allowance would involve double patenting in view of appellant's patent. Some of the claims of that patent cover, broadly, refrigerator ice tray grids made of rubber and having their exposed surfaces treated to render them smooth and frictionless; other claims state that the treating agent is a halogen, and still others recite this agent as chlorine, bromine, and iodine respectively. Appellant's patent thus contains generic claims and claims limited to each of three species and, in accordance with Patent Office Rule 41, claims drawn to sulphur compounds or to sulphuric acid could not have been allowed in the patent in addition to the claims to the three elected species.

It is stated in the brief of counsel for appellant that claims to the use of sulphur compounds and sulphuric acid were originally included in the application on which the patent to Jennings was granted, but were divided out and included in the appealed application.

The situation presented, therefore, is that appellant has obtained a patent containing generic claims and claims limited to each of three elected species and now seeks to obtain a second patent containing claims to additional species which were disclosed, but not claimed, in the patent.

It was held by the Patent Office tribunals that there is no patentable difference between the elected species, claimed in the patent, which involve three members of the halogen group, and the species of the present claims involving sulphur compounds broadly, or sulphuric acid specifically. The equivalence of halogens and sulphuric acid as agents for rendering the surface of rubber slippery and smooth was fully disclosed in the patent to Brill et al., which was issued more than two years before the application for the patent to Jennings was filed. In view of the disclosure in the Brill et al. patent there could be no invention in the substitution of sulphuric acid for a halogen in the treatment of a rubber grid for a refrigerator ice tray. Clearly, therefore, the appealed claims do not define an invention which is patentable over that defined in the claims of appellant's patent.

Counsel for appellant argue, however, that, under the circumstances of this case, appellant is entitled to the allowance of the appealed claims even if they are not patentable over the claims of his patent. Counsel point out that since their original application, on which the Jennings patent was granted, which disclosed more than three species, it was not possible for them to obtain specific claims on each species in that patent and hence, if claims to the present species cannot be allowed in another

patent, no specific protection can be obtained on them.

■ It is well settled that two patents to the same inventor cannot properly be granted when only one inventive concept is present. As was said in the case of In re Ward, 150 F.2d 436, 437, 32 C.C.P.A. (Patents) 1238:

"It is axiomatic, however, that if two patents are to be granted there must be two inventions present * * *."

Similar holdings were made in Re John W. Swan, 46 F.2d 572, 18 C.C.P.A. (Patents) 935; In re Barge, 96 F.2d 314, 25 C.C.P.A. (Patents) 1058; and In re Christmann et al., 128 F.2d 596, 29 C.C.P.A. (Patents) 1037. In the case of In re Barge, supra, it was stated, with citation of authorities, that it is proper to consider prior art in determining whether two inventions are present.

■ It is clear in the instant case that there is no patentable distinction between rubber grids, the surfaces of which have been made relatively frictionless by treatment with a halogen, and similar grids, the surfaces of which have been made relatively frictionless by treatment with sulphuric acid.

Owing to the fact that the appealed claims are drawn to the same inventive concept as the claims of appellant's patent, they were properly rejected on the ground of double patenting.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.