44 C.C.P.A. (Patents).

## Matter of the Application of Linus E. RUSSELL.

### Patent Appeals No. 6227.

United States Court of Customs and Patent Appeals.

Nov. 30, 1956.

Tom Walker, Dayton, Ohio, and Vernon A. Dorsey, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of the

388

single claim of appellant's application for a patent on a design for a pump, on the ground of lack of invention over appellant's prior patent, Des. 170,387. The appealed claim is as follows:

| North | .385,319 |
| Tucker | D–107,465 |
| Peters et al. | 2,557,139 |
| Russell | D–170,387 |

Appellant's application discloses a pump comprising a cylindrical body having generally circular and closure plates, each of which is provided, at spaced points around its circumference, with four projecting lugs. The corresponding lugs in the two end plates are joined by axial tie rods which lie parallel to the cylinder. The lower end plate is provided with two projections on which the feet of the individual using the pump may be placed to hold it in position. The upper end plate has two couplings to which hoses may be connected, and the lower plate has an upwardly extending Y-shaped coupling member to which hoses may also be connected. The pump is provided with the conventional central operating rod.

The North patent shows a pump provided with four axial tie rods, while the Tucker patent shows a cylindrical gear case flusher provided with three such rods.

The Peters patent shows a pump of the same general type as both appellant's application and patent, the pump being provided at its lower end with foot-receiving projections.

The Russell patent, No. D–170,387, granted to appellant September 8, 1953, on an application filed on the same day as the instant application, shows a pump structure generally similar to that of the appealed application, but having three axial tie rods instead of four, and a single hose coupling, rather than two, at each end. Additionally, the hose connection at the lower end of the pump extends downwardly, whereas the corresponding coupling in the appealed application extends upwardly; nor does

"The ornamental design for a pump substantially as shown and described."

The references relied on are:

| June 26, 1888. |
| December 14, 1937. |
| June 19, 1951. |
| September 8, 1953. |

the patent show projections for receiving the feet of the operator.

The appeal raises two distinct issues; namely, whether appellant's patent can properly be used as a reference against the appealed application; and, if it can be so used, whether the application discloses an invention patentably distinct from that disclosed by the patent.

It is well settled that, regardless of filing dates, two patents cannot properly be granted to the same inventor on the basis of a single inventive concept. In re Jennings, 167 F.2d 1014, 35 C.C.P.A., Patents, 1163, and cases there cited. That principle is equally applicable in design cases. In re Ferguson, 208 F.2d 366, 41 C.C.P.A., Patents, 751. In determining whether more than one inventive concept is present, it is proper to consider prior art. In re Barge, 96 F.2d 314, 25 C.C.P.A., Patents, 1058. It is not necessary that the claims of an application and patent of the same inventor should cross-read in order to justify the use of the patent as a reference against the application. In re Ward, 236 F.2d 428, 43 C.C.P.A., Patents, 1007, and cases there cited.

Appellant alludes to Title 35, Section 121 of the United States Code, which provides that where the Commissioner of Patents has required an application to be restricted to one of two or more independent and distinct inventions, and a divisional application is filed as a result of such requirement, a patent issuing on either application shall not be used as a reference against the other. He argues that if the designs of his instant application and his patent had been included in a single application,

restriction would have been required under the cited section of the code, and that the case should therefore be treated as if such a requirement had been made.

We cannot agree with that contention. The section in question is clearly limited to cases in which there has been an actual requirement for restriction, and we find no basis for extending it to this case where such a requirement was not made. Moreover, since the section in question, by its terms, is limited to situations involving two or more independent and distinct inventions, it is not applicable to a situation in which only one invention is present.

Appellant also relies upon the case of In re Coleman, 189 F.2d 976, 981, 38 C.C.P.A., Patents, 1156, where it is stated that "If division would have been necessarily required in the first instance, then double patenting cannot be urged if the copending claims issue in separate patents." The quoted language expresses the same idea which was subsequently embodied in 35 U.S.C. § 121, and clearly refers to cases in which the requirement for division is based on the presence of two or more independent inventions, since the decision concludes with the statement that "two inventive concepts clearly are involved and the appealed claims were improperly rejected on the ground of double patenting."

We have carefully considered the arguments and authorities relied on by appellant but are convinced the decision appealed from must be affirmed unless the appealed application discloses an inventive concept which is patentably distinct from that for which appellant's patent was granted.

It is well settled that in determining the patentability of a design, it is the appearance of the design as a whole which is largely controlling. Gorham Mfg. Co. v. White, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731; In re Bonnell, 129 F.2d 520, 29 C.C.P.A., Patents, 1104; In re Campbell, 212 F.2d 606, 41 C.C.P.A., Patents, 896.

We are in complete accord with the tribunals below that a comparison of the pumps shown in appellant's application and his patent shows that they are strikingly similar in overall appearance. The pump cylinders, end caps, and tie rods, which form the principal features of the designs involved, are so nearly identical that it is only upon relatively close scrutiny that the specific differences above noted in the rods and hose connections, are noticeable. At a glance one of the designs might easily be mistaken for the other.

Moreover, the specific differences between the designs involve merely obvious expedients. The North patent shows the use of four tie rods on a cylindrical pump and there would be no invention in applying such an arrangement to the pump of appellant's patent instead of the equivalent three rods shown there. Foot rests at the bottom of the pump are a conventional expedient, shown by the Peters patent, and their use where desired is not inventive. The number and arrangement of the hose connections are matters of choice and, in the instant case, contribute nothing of consequence to the design of the appealed application.

The presence of invention is essential to the granting of a design patent, and the standard of invention is not lower in design cases than in other cases. In re Rousso, 222 F.2d 729, 42 C.C.P.A., Patents, 910, and cases cited.

Since we concur with the views expressed below that the differences between the design of the application and that of appellant's prior patent are not inventive, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate in place of COLE, Judge.