56 CCPA

**Application of Andre Jan CONIX and Urbain Leopold Laridon.**

**Patent Appeal No. 8062.**

United States Court of Customs and Patent Appeals.

Jan. 23, 1969.

I. Serial No. 435,079, filed February 24, 1965, for "Production of Linear Aromatic Polyesters," allegedly a continuation of serial No. 62,076, filed October 12, 1960, now abandoned, allegedly a continuation-in-part of serial No. 797, 587, filed March 6, 1959, now abandoned.

William J. Daniel, Watson, Cole, Grindle & Watson, Washington, D. C., for appellants.

Joseph Schimmel, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, and BALDWIN, Judges.

BALDWIN, Judge.

This appeal is from the Patent Office Board of Appeals decision affirming the rejection of claims 16, 17, 19, and 20 of appellants' application [1] on the ground of double patenting. Claims 1, 21, 22, and 23 stand allowed.

The issue in this appeal relates to an "obviousness" type "double patenting" rejection wherein no terminal disclaimer has been filed and wherein the appealed claims and the patent claims are mutually exclusive.

The present invention relates to the formation of high molecular weight linear aromatic polyesters of the polysulfonate type. More particularly, the invention involves reacting an alkali metal alcoholate of a bisphenol with a dihalide

of a polybasic acid selected from the group consisting of aromatic disulfonic acids and aromatic monocarboxy-sulfonic acids. The reaction is carried out in the presence, as catalysts, of one or more onium compounds, such as quaternary compounds.

Product claims have been allowed, and process claims have been rejected. Process claim 16 is illustrative and reads:

16. A process of preparing a high molecular weight linear polyester of a polybasic acid and a polyhydric alcohol, said polybasic acid comprising essentially at least one acid selected from the group consisting of aromatic disulfonic acids and aromatic monocarboxysulfonic acids, and said polyhydric alcohol comprising essentially at least one bis-phenolic compound selected from the group consisting of the following formulae:

1)

where n is an interger [sic] from 0 to 1, each R is selected from the group consisting of hydrogen, alkyl and halogen and X is selected from the group consisting of

$$-\underset{\underset{Y}{(\ )}}{\overset{R'}{C}}- \ , \ -\underset{\underset{R''}{\|}}{\overset{O}{C}}- \ , \ \underset{'}{\overset{O}{C}} \ , \ -O- \ , \ -S- \ , \ \text{and} \ -\underset{\underset{O}{\|}}{\overset{O}{S}}-$$

Y representing the atoms necessary to close a lower cycloaliphatic ring and R' and R'' each representing a member of the group consisting of hydrogen, alkyl, haloalkyl, a phenyl radical, and a cycloalkyl radical, alkyl in all instances being lower alkyl and halo- and halogen in all instances being a halogen atom of atomic weight less than 100; and

2)

$$HO - Ar - OH$$

where Ar is a member of the group consisting of a phenyl radical and a naphthalene radical; said method comprising the steps of agitating a solution of a dihalide of such acid in a liquid halogenated hydrocarbon which is a solvent for the resultant polyester in contact with a solution of an alkali metal alcoholate of such bis-phenolic compound in a liquid immiscible with said liquid hydrocarbon and in the presence of a catalyst of the group consisting of a quaternary ammonium compound, a tertiary sulfonium compound, a quaternary phosphonium compound and a quaternary arsonium compound, and recovering from liquid hydrocarbon the resultant polyester having an intrinsic viscosity of at least about 0.5 dl/g measured in tetrachloroethane at 25° C.

The Conix patent,[2] to the same entity as the present appellants, was filed prior to the appealed application and was co-pendent with it. The Conix patent discloses preparing highly polymeric linear polyesters by reacting an alkali metal salt of a bisphenol with a diacid halide of an aromatic dicarboxylic acid, in the presence of a catalyst of the quaternary ammonium type. Claims 1 and 2 of the Conix patent read:

1. A process for preparing highly polymeric linear polyesters, having an intrinsic viscosity of at least 0.4 when measured in a solution of a chlorinated hydrocarbon, which comprises condensing a diacid halide of an aromatic dicarboxylic acid, dissolved in an alkyl halide which is a solvent for the polyester formed, with an alkali metal salt of a bis-phenol dissolved in water, the aromatic dicarboxylic acid is a member of the group consisting of

$$HO—Ar—Ar—OH \text{ and } HO—Ar—R—Ar—OH$$

and the bisphenol is a member of the group consisting of

$$HO—CO—Ar'—Ar'—CO—OH \text{ and}$$
$$HO—CO—Ar'—R'—Ar'—CO—OH$$

in which formulae each of the links Ar and Ar' represents a bivalent aromatic radical selected from the group consisting of an unsubstituted para-phenylene radical, a metaphenylene radical, methyl substituted paraphenylene radical and R and R' each represents a bivalent radical selected from the group consisting of an ether radical, a carbonyl radical, a sulphonyl radical, a saturated lower hydrocarbon radical, and a carbon atom which forms part of a cycloaliphatic ring, at least one of the radicals R and R' is a bivalent saturated lower hydrocarbon radical selected from the group consisting of a lower alkyl-substituted methylene group, an aryl substituted methylene group, a lower alkyl- and aryl substituted methylene group, ahalo-methyl substituted methylene group, a halogen-substituted methylene group and a carbon atom which forms part of a cycloaliphatic ring, whereby the polyester is dissolved in the alkyl halide as it is formed, permitting the formation of highly polymeric linear polyesters.

2. A process according to claim 1, wherein the condensation is carried out in the presence of a catalyst selected from the group consisting of the quaternary ammonium compounds.

2. U.S. Patent 3,028,364, issued April 3, 1962.

The Wagner reference [3] discloses the preparation of aromatic polyesters from a polyhydric phenol and the acid halide of an organic polybasic acid such as a polycarboxylic, a polysulfonic or a sulfonic-carboxylic acid. Wagner states:

This invention also contemplates resins in which the

$$-\overset{\overset{\textstyle O}{\|}}{C}-X$$

groups of the polycarboxylic acid halide are replaced wholly or in part by

$$-\overset{\overset{\textstyle O}{\|}}{S}-X \quad \text{and} \quad -\overset{\overset{\textstyle O}{\|}}{\underset{\underset{\textstyle O}{\|}}{S}}-X$$

groups. These resins, however, are not so valuable as those prepared from polycarboxylic acid halides. They are frequently darker in color, have poorer water resistance and poorer solubilities. They are nevertheless new and useful for many purposes. The following compounds may be given as examples of suitable disulfone chlorides: $(CH_2)_4$ $(SO_2Cl)_2$, p-benzene disulfonic acid chloride, toluene disulfonic acid chlorides, methane disulfone chloride (the diacid chloride of methane disulfonic acid), and the sulfone chlorides of naphthalene 2, 6-disulfonic acid, diphenyl 4,4' disulfonic acid, benzene 1,3,6-trisulfonic acid, the naphthalene trisulfonic acids, and the naphthol disulfonic acids.

————◆————

The examiner rejected the appealed claims as unpatentable over patent claim 2 of Conix in view of Wagner. The board characterized that rejection as an "obviousness" type "double patenting" rejection, stating:

This rejection may be termed a "double patenting" rejection in that the claims herein differ from claim 2 of the patent in an obvious manner; namely, in the application of the patented contribution, the employment of a quaternary ammonium compound as catalyst to permit formation of highly polymeric linear polyesters, to esterification of aromatic disulfonic acids or aromatic monocarboxy sulfonic acids instead of the aromatic dicarboxylic acids specified in the patent claim. The claimed methods are otherwise substantially identical, as pointed out by the Examiner.

The board proceeded to the following reasoning:

We agree with the Examiner that the art is well aware of the alternative production of polyesters by the reaction of aromatic dicarboxylic acids or corresponding aromatic disulfonic or carboxylic sulfonic acids with phenols in the general manner claimed. This is substantiated by the Wagner patent cited by the Examiner. Although the latter indicates some differences in the value of the polyesters thus produced, the substitution of sulfonic acids for carboxylic acids in polyester formation is, nevertheless, clearly taught to the polymer chemist. * *

3. U.S. Patent 2,035,578, issued March 31, 1936.

In the situation at bar, the art is well aware of the substitution of aromatic sulfonic acids for aromatic carboxylic acids in the process of forming polyesters by reaction with phenols. Since the major distinction between the method claims herein at issue and the patented method claim is obvious to the polymer chemist, we do not believe that a second patentable invention has been delineated. * * *

Thereafter, the board affirmed the decision of the examiner.

In resolving this appeal, the first issue to be determined is the availability of the earlier filed, copending Conix patent as the basis for the rejection of the claims of the present application of the same inventors. Quite definitely, the disclosure of the Conix patent is not available as prior art under 35 U.S.C. §§ 102 or 103.

Moreover, appellants argue, there is no reason to make the Conix patent available under the double patenting doctrine because the claims of the application and of the patent are distinct, mutually exclusive, and nonoverlapping; hence, the subject matter embraced by the claims of the patent cannot fall within the scope of the claims of the application. It therefore follows, say appellants, that there can be no question of the monopoly, over the claimed subject matter of the patent, being extended beyond 17 years by the claims of the application, if they should be allowed.

■ Although appellants are correct in their contention that the present situation is not one in which the term of the monopoly over exactly the same claimed subject matter of the patent would be extended, extension of term is only one of the several heads of the Hydra of double patenting. We have had occasion before to consider other significant problems raised in a situation where two separate inventions are claimed, one in a patent and the other in a pending application of the same inventor, but wherein the inventions are not *patentably* distinct over each other. In re Zickendraht, 319 F.2d 225, 50 CCPA 1529 (1963); In re Ockert, 245 F.2d 467, 44 CCPA 1024 (1957); In re Ward, 236 F.2d 428, 43 CCPA 1007 (1956). From those previous decisions, a rule for testing the patentability of the claims of the pending application, in the absence of a terminal disclaimer, is to determine whether or not the claimed invention is merely an obvious modification of the *invention defined in the claims of the patent*. There is sound reason supporting this rule. Upon issuance of the patent, if there is no restriction requirement or cross-reference in the record to show that other related applications may be pending, the public should be able to assume that on expiration of the patent there is freed from its monopoly not only what is embraced by the patent claims but as well all *obvious* modifications thereof and that the latter are free of protection through any *later issued, full-term* patents of the patentee.[4]

■ Therefore in the present appeal, it is necessary for us to consider whether appellants' invention, as defined in the appealed claims, is merely an obvious variation of the invention defined in patent claim 2 in view of the teaching of Wagner.

In looking at claim 16 of appellants' application, we feel free to disregard the limitation of the resultant polyester having an intrinsic viscosity of at least about 0.5 dl/g measured in tetrachloroethane at 25°C as being a property of the product rather than a limitation affecting the performance of the process. Absent this limitation, the main distinction between the present invention and the invention defined in claim 2 of the Conix patent is that the halide reactant of the present invention is a dihalide of an "acid selected from the group consisting of aromatic disulfonic acids and aromatic monocarboxysulfonic acids" where-

---

4. See also In re Rogers, 394 F.2d 566, 55 CCPA 1092 (1968); In re Robeson, 331 F.2d 610, 51 CCPA 1271 (1964).

as the halide of the invention claimed in the Conix patent is "a diacid halide of an aromatic dicarboxylic acid * * * a member of the group consisting of

HO—CO—Ar'—Ar'—CO—OH and
HO—CO—Ar'—R'—Ar'—CO—OH

* * *".

It follows that what we have to consider is whether there is sufficient teaching that the sulfonic acids of the present application may be the equivalent of the dicarboxylic acids of the patent claims for the process of reaction with polyhydric alcohols to produce polyesters, to make it obvious to one skilled in the art to substitute one for the other in the process defined in patent claim 2. After considering the Wagner patent, and in particular the portions of it quoted previously, in the light of the arguments advanced by the parties, we believe Wagner provides a sufficient teaching to make the present invention obvious in the light of the invention defined in the patent claims.

Furthermore, we are not persuaded by appellants' attempt to refute the teachings of Wagner by submitting affidavits showing better results than those obtained by following the teachings of Magat,[5] a reference not relied upon by the examiner before the board. We are not impressed by an attack on Wagner based on setting up and knocking down Magat as a straw man.

The board's decision is affirmed.

Affirmed.

Judge SMITH participated in the hearing of this case but died before a decision was reached.

5. U.S. Patent 2,708,617, issued May 17, 1955.