**Application of John P. GLASS.
Patent Appeal No. 9000.**

United States Court of Customs
and Patent Appeals.
June 21, 1973.

Rehearing Denied Aug. 9, 1973.

John F. A. Earley, Philadelphia, Pa.,
(Smith, Harding, Earley & Follmer,
Philadelphia, Pa.), for appellant. James
W. Dent, Washington, D. C., of counsel.

Joseph F. Nakamura, Washington, D.
C., Acting Solicitor for the Commissioner of Patents. John W. Dewhirst, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and
RICH, BALDWIN, LANE, Judges, and
ALMOND, Senior Judge.

MARKEY, Chief Judge.

This is an appeal from the decision
of the Patent Office Board of Appeals
sustaining the rejection of claims 12–19
under 35 U.S.C. § 103 of appellant's application serial No. 670,335, filed September 25, 1967, for "Method of Forming
a Boat Rail and the Like." We affirm.

### The Invention

The invention is clear from claim 12:

12. A method of continuously forming rails for use on boat hulls, comprising the steps of feeding a molten
material which does not readily accept
adhesives to an extruding die, feeding
an adhesive belt into said die, said belt
including an impermeable backing layer which readily accepts adhesive, an
adhesive layer attached to the backing layer, and a removable cover sheet
covering the adhesive layer, bonding
one side only of the backing layer to
said material, extruding said material
and backing layer from said die as a
molding form, cutting the molded form
into rails, removing the cover sheet,
and mounting the rails onto a boat
hull by pressing the adhesive layer
against the hull.

### The Rejection

As presented here, the rejection is
based on a French patent to Schock, number 1,411,614 (Schock's British patent
1,076,033 by stipulation employed as the
translation), Garling 3,253,971 and Egerton 1,352,739. Other patents were referred to in prosecution and before the
board. Appellant points to variances in
the reference combinations cited as
prosecution progressed and to a change in
emphasis from Garling to the French
patent between the final rejection and
the Answer of the examiner. Appellant
also professes an inability to understand
the final rejection and that he still
awaits adequate clarification and citation
of authority in support of the rejection.

The French patent discloses the extrusion molding of a plastic strip together with a covering strip, which may be fabric, foil, metal or the like. Garling discloses a plastic base which may be cast or molded onto a laminate having a pressure-sensitive adhesive layer and a release paper layer. Egerton relates to molding of fabric layers together with a facing layer of fabric. Egerton teaches the application of adhesive to the facing layer in order to adhesively attach the molded fabric body to a support.

## OPINION

We have carefully considered the entire record and are convinced that appellant was adequately apprised throughout of the basis for each rejection made. The realignment of emphasis in the Examiner's Answer continued the same reliance on each of those references for what it individually taught. The authority for the rejection, 35 U.S.C. § 103, was consistently referred to from the outset.

Appellant argues the references individually, pointing to the failure of each to treat or solve the "problem" of adhesively attaching a boat rail to a boat hull when the rail is of a material that will not readily accept adhesive. Appellant also stresses additional steps or structures present in the references. But the consideration of references individually is not the criterion. The examiner, as required by 35 U.S.C. § 103, considered the skill of the art as reflected in the totality of the teachings of the cited references and held that the claimed method, in view of that combined body of suggestion, was obvious. The board found no adequate challenge to that position and we find none. Appellant merely alleges that the rejection is based on a hindsight reconstruction of the invention from individual steps found in separate patents. We are supplied with no reasons why the combination of teachings relied on is impractical, impossible, or self-defeating and we see no such indications in our reading of the references. Moreover, the record reflects no evidence of surprising or unexpected result and no evidence of long-felt need or commercial success attributable to the invention.

Considering the problem of adhesively attaching a material (polypropylene) which is admittedly known to resist adhesives, we think the art clearly suggests the solution of extruding (French patent) that material with a "backing layer" or facing strip (Egerton) which *will* accept an adhesive. While claims 12–15 include an adhesive layer and cover sheet, claims 16–19 envisage molding the backing layer alone on the rail and thereafter applying adhesive thereto.

Claims 12–15 call for extruding of the rail with a preformed "belt" or three-layered laminate of backing, adhesive and cover sheet, the cover sheet to be later removed for adhesive attachment of the rail. We think the French disclosure of extruding a strip with a cover layer and Garling's disclosure of casting a base onto a release paper layer having an adhesive layer thereon for adhesive attachment of the base clearly suggest and render obvious the extruding of the three layers in laminate form.

The briefs contain substantial argument as to whether the cover strip of the French patent is disclosed as an attaching means. In view of Egerton, we find it unnecessary to decide that question.

Appellant points to article limitations in some of the claims and to our remarks in In re Fine, 44 C.C.P.A. 746, 240 F.2d 354 (1957). Unlike the situation in *Fine*, however, the article limitations in the present claims do not affect the performance of the process. See In re Conix, 56 C.C.P.A. 874, 405 F.2d 1315 (1969).

No reversible error having been shown in the decision appealed from, it is *affirmed*.

Affirmed.